UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>BRADFORD C. BLEIDT and  )<br>ALLOCATION PLUS ASSET MANAGEMENT  )<br>COMPANY, INC.  )<br>)<br>)<br>Defendants.  )<br>)  | **JURY TRIAL DEMANDED**<br><br>Case No. _____<br><br>RECEIPT # _____<br>AMOUNT $ _____<br>SUMMONS ISSUED ____<br>LOCAL RULE 4.1 ____<br>WAIVER FORM ____<br>MCF ISSUED ____<br>BY DPTY CLK ____ |

MAGISTRATE JUDGE _____

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiff Securities and Exchange Commission ("Commission") alleges the following against defendants Bradford C. Bleidt and Allocation Plus Asset Management Company, Inc.:

### PRELIMINARY STATEMENT

1. This is an emergency enforcement action against Bradford C. Bleidt ("Bleidt") and Allocation Plus Asset Management Company, Inc. ("Allocation"), a Boston-based investment adviser. Bleidt is the President of Allocation. On or about November 11, 2004, Bleidt delivered, via DHL, a package to the Boston District Office containing a tape recorder and a tape. In the tape recording, Bleidt admits to having defrauded his investment advisory clients out of millions of dollars. Specifically, Bleidt admits that he diverted investor funds from Allocation into a personal account at Sovereign Bank.

2. Through the activities alleged in this Complaint, Bleidt and Allocation engaged in: (i) fraudulent or deceptive conduct in connection with the purchase or sale of securities, in

violation of Section 10(b) of the Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder; and (iii) fraudulent or deceptive conduct with respect to investment advisory clients, in violation of Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act").

3.  Accordingly, the Commission seeks: (i) entry of a permanent injunction prohibiting defendants from further violations of the relevant provisions of the federal securities laws; (ii) disgorgement of defendants' ill-gotten gains, plus pre-judgment interest; and (iii) the imposition of civil monetary penalties due to the egregious nature of defendants' violations. In addition, because of the risk that defendants will continue violating the federal securities laws and the danger that any remaining investor funds will be dissipated or concealed before entry of a final judgment, the Commission seeks preliminary equitable relief to: (i) prohibit defendants from continuing to violate the relevant provisions of the federal securities laws; (ii) freeze defendants' assets and otherwise maintain the status quo; (iii) require defendants to submit an accounting of investor funds and other assets in his possession; (iv) prevent defendants from destroying relevant documents; (v) authorize the Commission to undertake expedited discovery; and (vi) obtain the appointment of a receiver to safeguard client assets at Allocation.

## JURISDICTION

4.  The Commission seeks a permanent injunction and disgorgement pursuant to Section 20(b) of the Securities Act [15 U.S.C. §77t(b)], Section 21(d)(1) of the Exchange Act [15 U.S.C. §78u(d)(1)], and Section 209(d) of the Advisers Act [15 U.S.C. §80b-9(d)]. The Commission seeks the imposition of a civil monetary penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C.§77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. §80b-9(e)].

5.      This Court has jurisdiction over this action pursuant to Sections 20(d) and 22(a) of the Securities Act [15 U.S.C. §§77t(d), 77v(a)], Sections 21(d), 21(e) and 27 of the Exchange Act [15 U.S.C. §§78u(d), 78u(e), 78aa], and Sections 209(3) and 214 of the Advisers Act [15 U.S.C. §80b-9(d), 80b-14]. Venue is proper in this District because much of defendants' wrongful conduct occurred here and most of the defrauded clients live here.

6.      In connection with the conduct described in this Complaint, defendants directly or indirectly made use of the mails or the means or instruments of transportation or communication in interstate commerce.

## DEFENDANTS

7.      **Bradford C. Bleidt**, age 50, is a resident of Manchester, Massachusetts and the President of Allocation Plus Asset Management Company, Inc. ("Allocation"), a Boston-based investment adviser.

8.      **Allocation Plus Asset Management Company, Inc. ("Allocation")** is a Boston-based investment adviser registered with the Commission.

## STATEMENT OF FACTS

### Bleidt's Admission that He Has Diverted Millions of Dollars in Client Funds

9.      On or about November 11, 2004, Bleidt mailed to the Commission's Boston District Office, via DHL, a package enclosing a tape recorder and a tape. In the tape recording, Bleidt admits that he has defrauded his Allocation investment advisory clients out of millions of dollars. Specifically, Bleidt admits that he diverted investor funds from the investment advisers into an account at Sovereign Bank ("Sovereign").

10.     In the tape recording, Bleidt states that "Over the last twenty years almost, I've

stolen tens and millions of dollars from clients through Allocation Plus Asset Management Corp. ... What I did basically was when I got a new client, I would roll, I would take their money, payable to Allocation Plus Asset Management Corp., and deposit it in a Sovereign bank account of which I would set up payments for the first and fifteenth of the month or any time the client would call and request money. I always had enough to cover cash flow that I would be able to cover those demands. And it's today, this Thursday [November 11, 2004] is the day of reckoning because there is a client that needs a million-and-a-half dollars wired into their account that's supposed to be there this morning, and obviously it's not going to be there this morning because the money's gone. I stole it. I used it to buy a radio station, believe it or not."

11.     In light of Bleidt's admissions and the other information thus far obtained by the Commission staff, the Commission brings this emergency action to ensure that investor assets – including those in Bleidt's personal account at Sovereign – are not dissipated by Bleidt or anyone else who may be acting in concert with him.

## FIRST CLAIM FOR RELIEF
### (Violation of Section 10(b) of the Exchange Act and Rule 10b-5)

16.     The Commission repeats and incorporates by reference the allegations in paragraphs 1-11 of the Complaint as if set forth fully herein.

17.     Defendants, directly or indirectly, acting intentionally, knowingly or recklessly, by the use of means or instrumentalities of interstate commerce or of the mails, in connection with the purchase or sale of securities: (a) has employed or is employing devices, schemes or artifices to defraud; (b) has made or is making untrue statements of material fact or has omitted or is omitting to state a material fact necessary to make the statements made, in the light of the

circumstances under which they were made, not misleading; or (c) has engaged or is engaging in acts, practices or courses of business which operate as a fraud or deceit upon certain persons.

18. As a result, Defendants have violated and, unless enjoined, will continue to violate Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5].

19. Defendants' violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder have involved fraud, deceit or deliberate or reckless disregard of regulatory requirements and have resulted in substantial losses or significant risk of substantial losses to other persons, within the meaning of Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)].

### THIRD CLAIM FOR RELIEF
### (Violation of Sections 206(1) and (2) of the Advisers Act)

20. The Commission repeats and incorporates by reference the allegations in paragraphs 1-11 of the Complaint as if set forth fully herein.

21. Defendants were "investment advisers" within the meaning of Section 202(a)(11) of the Advisers Act [15 U.S.C. §80b-2(a)(11)].

22. Defendants, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, acting intentionally, knowingly or recklessly: (i) has employed or is employing devices, schemes, or artifices to defraud; or (b) has engaged or is engaging in transactions, practices, or courses of business which operate as a fraud or deceit upon a client or prospective client.

23. As a result, Defendants have violated and, unless enjoined, will continue to

violate Sections 206(1) and (2) of the Advisers Act [15 U.S.C. §§80b-6(1), (2)].

24. Defendants' violations of Sections 206(1) and (2) of the Advisers Act have involved fraud, deceit or deliberate or reckless disregard of regulatory requirements and have resulted in substantial losses or significant risk of substantial losses to other persons, within the meaning of Section 209(e) of the Advisers Act [15 U.S.C. §80b-9(e)].

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission requests that this Court:

A. Enter a temporary restraining order, order freezing assets and order for other equitable relief in the form submitted with the Commission's motion for such relief and, upon further motion, enter a comparable preliminary injunction, order freezing assets and order for other equitable relief;

B. Enter a permanent injunction restraining Defendants and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of the injunction by personal service or otherwise, including facsimile transmission or overnight delivery service, from directly or indirectly engaging in the conduct described above, or in conduct of similar purport and effect, in violation of:

   1. Section 10(b) of the Exchange Act [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5];

   2. Sections 206(1) and (2) of the Advisers Act [15 U.S.C. §80b-6(1), (2)];

C. Require Defendants to disgorge their ill-gotten gains and losses avoided, plus pre-judgment interest, with said monies to be distributed in accordance with a plan of distribution to be ordered by the Court;

D.  Order Defendants to pay an appropriate civil monetary penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. §80b-9(e)];

E.  Appoint a receiver to safeguard client assets at Allocation;

F.  Retain jurisdiction over this action to implement and carry out the terms of all orders and decrees that may be entered; and

G.  Award such other and further relief as the Court deems just and proper.

Respectfully submitted,

*[signature]*

Walter G. Ricciardi
District Administrator

Silvestre A. Fontes (Mass. Bar No. 627971)
Senior Trial Counsel

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
73 Tremont Street, Suite 600
Boston, MA 02108
(617) 573-8991 (Fontes)
(617) 424-5940   fax

November 12, 2004

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Securities and Exchange Commission

## DEFENDANTS
Bradford C. Bleidt and Allocation Plus Asset Management Company, Inc.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: Essex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Sylvestre Fontes   617-573-8900
US SEC
73 Tremont St., Boston, MA 02108

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury—Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine / **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 690 Other | | [X] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment / Habeas Corpus: | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations / [ ] 530 General | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights / [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | / [ ] 550 Civil Rights | | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| | / [ ] 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 USC 77q(a); 15 USC 78j(b); 15 USC 80b-6(1) and (2);

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 11/12/04
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Securities and Exchange Commission v. Bradford C. Bleidt

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ____ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    XXX  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
              * Also complete AO 120 or AO 121 for patent, trademark or copyright cases

    ____ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    ____ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    ____ V.   150, 152, 153.

    04-12415 NG

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)). _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ☐   NO ☐

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)   YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   YES ☐   NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL DIVISION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES ☐   NO ☐
   OR IN THE WESTERN DIVISION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)?(SEE LOCAL RULE 40.1(D)).
   YES ☐   NO ☐

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN DIVISIONS OF THE DISTRICT?
   YES ☐   NO ☐
   (a) IF YES, IN WHICH DIVISION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH DIVISION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?   Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL DIVISION; YES ☐ NO ☐    OR WESTERN DIVISION; YES ☐ NO ☐

11. ALTERNATIVE DISPUTE RESOLUTION - IS THIS CASE SUITABLE FOR ADR? IF SO, BY WHICH ADR?
    EARLY NEUTRAL EVALUATION ☐   MEDIATION ☐   SUMMARY JURY/BENCH TRIAL ☐
    MINI-TRIAL ☐                  OTHER ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Sylvestre Fontes
ADDRESS           USSEC    73 Tremont Street, Boston, MA 02108
TELEPHONE NO.     617-573-8900

(Category Form.wpd - 3/28/2000)