UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

|  | : |  |
| --- | --- | --- |
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. CA-04-12414-NG |
| | : | |
| | : | |
| BRADFORD C. BLEIDT and | : | |
| ALLOCATION PLUS ASSET MANAGEMENT | : | |
| COMPANY, INC. | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

**MEMORANDUM OF LAW IN SUPPORT OF
SECURITIES AND EXCHANGE COMMISSION'S
MOTION FOR APPOINTMENT OF A RECEIVER**

**Preliminary Statement**

The Plaintiff Securities and Exchange Commission ("Commission") respectfully makes

this motion for appointment of a receiver to oversee the operation of Allocation Plus Asset

Management Company, Inc. ("Allocation"), a Boston-based investment adviser registered with

the Commission; conduct an inventory of Allocation's assets and liabilities; reconstruct

Allocation account histories to determine whether and how client funds have been dissipated;

and safeguard the assets of Allocation and its clients' accounts, wherever those assets may be

found.

On Friday, November 12, 2004, the Commission filed this emergency enforcement action

against Defendants Allocation and Bradford C. Bleidt ("Bleidt"), Allocation's president.  The

Commission alleged that the defendants committed multiple securities law violations by, among

other things, diverting millions of dollars of investor funds over the past 20 years.  On the same

day, November 12, the Court – acting through emergency judge Richard G. Stearns – granted the

Commission all of the relief it sought in its proposed Temporary Restraining Order, Order

Freezing Assets and Order for Other Equitable Relief ("TRO").  The TRO provides, among other

things, for the appointment of a receiver.  On November 17, this Court extended the TRO to

December 2, 2004.

**Argument**

**I.       APPOINTMENT OF A RECEIVER IS NECESSARY AND APPROPRIATE
         TO PROTECT THE INTERESTS OF DEFRAUDED INVESTORS**

Appointment of a receiver is necessary and appropriate to oversee Allocation and to

safeguard the assets of Allocation and its clients' accounts, wherever they may be found.  The

appointed receiver would be charged with, among other things, identifying and communicating

with clients of Allocation, accounting for and preserving Allocation assets for the benefit of its

clients, handling legal claims on behalf of Allocation, valuing each client's account managed by

Allocation, and arranging for the continued operation, or, if appropriate, liquidation of

Allocation.

Courts routinely appoint receivers in Commission enforcement actions to "effectuate the

purposes of the federal securities laws."  SEC v. Manor Nursing Centers, Inc., 458 F.2d 1082,

1105 (2nd Cir. 1972) (affirming the appointment of a receiver to account for and distribute the

fraud proceeds to defrauded investors and to provide an accounting to the court).  Receivers are

appointed upon a *prima facie* showing of fraud and mismanagement of investor funds where (i) a

receiver is necessary to obtain an accurate picture of the nature, amounts and whereabouts of

misappropriated investor funds or (ii) there is a risk of further dissipation of investor funds.  See,

e.g., SEC v. Whitworth Energy Res., 243 F.3d 549, No. 99-5860, 2000 U.S. App. LEXIS 31237, at *8 (9th Cir. Dec. 1, 2000) (appointing a receiver to "preserve assets against further misappropriation and dissipation" and "to clarify the financial affairs of the entities involved for the benefit of innocent investors"); SEC v. First Financial Group of Texas, 645 F.2d 429, 438-39 (5th Cir. 1981) (affirming the appointment of a receiver to protect investor assets from further dissipation); SEC v. Wencke, 622 F.2d 1363, 1366 (9th Cir. 1980) (receiver appointed to take custody of and conserve assets for defrauded investors and to investigate the scope of receivership assets); SEC v. Manor Nursing Centers, Inc., 458 F.2d 1082, 1105 (2nd Cir.1972) (affirming the appointment of a receiver to account for fraudulent proceeds and return funds to defrauded investors); SEC v. Keller Corp., 323 F.2d 397, 403 (7th Cir. 1963) (appointment of a receiver is "necessary" to prevent mutual fund managers who had defrauded investors and mismanaged the fund from remaining in control of investor funds); SEC v. Current Fin. Servs., Inc., 783 F. Supp. 1441, 1443 (D.D.C. 1992) (appointing a receiver upon the SEC's *prima facie* showing of fraud to preserve the receivership's assets).

Here, the Commission has made a *prima facie* showing of fraud and mismanagement of clients funds. In granting the Commission's motion for a temporary restraining order on November 12, 2004, this Court found that the Commission made the required showing that Bleidt and Allocation violated Sections 206(1) and (2) of the Advisers Act, Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder when they misappropriated funds from clients of Allocation.

Since the filing of the emergency action on November 12, the Commission's examination staff has been on site at Allocation conducting an expedited review of numerous documents. At

this point, the staff believes that the funds of at least 140 investors have been misappropriated, in an amount yet to be determined.  In his taped confession, Bleidt admitted to having stolen tens of millions of dollars over twenty years.

Additionally, both factors necessitating the appointment of a receiver are present.  A receiver is needed to obtain an accurate accounting of client funds and assets, contact clients and oversee the operation and/or liquidation of Allocation.  In the case of a liquidation, the receiver is needed to oversee a fair and equitable liquidation of Allocation assets for the benefit of its clients.  Lastly, a receiver is needed to ensure that Bleidt no longer has access to or control over any client accounts or investor monies.

**II.    THE COMMISSION RESPECTFULLY REQUESTS
        THE APPOINTMENT OF DAVID A. VICINANZO AS RECEIVER**

The Commission proposes that David A. Vicinanzo of Nixon Peabody LLP, 100 Summer Street, Boston, Massachusetts 02110 be appointed as receiver.  A copy of Mr. Vicinanzo's resume is attached hereto as *Exhibit A*.

As set forth in the proposed form of order submitted herewith, the Commission requests, among other things, that Mr. Vicinanzo be authorized to take control of Allocation's assets and to have complete and unfettered access to Allocation's books and records.

**Conclusion**

For the reasons set forth above, the Commission requests that the Court appoint as

receiver and enter an order in the form submitted herewith.


November 17, 2004


Respectfully submitted,

/s/ Silvestre A. Fontes
Walter G. Ricciardi
District Administrator

Silvestre A. Fontes (BBO # 627971)
Senior Trial Counsel

Michele T. Perillo (BBO # 629343)
Staff Attorney

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE
COMMISSION**
73 Tremont Street, Suite 600
Boston, MA  02108
(617) 573-8991 (Fontes)
(617) 424-5940 fax


**Certificate of Service**

I, Silvestre A. Fontes, hereby certify that on November 17, 2004, a true and correct copy
of the foregoing Memorandum of Law in Support of Securities and Exchange Commission's
Motion for Appointment of a Receiver was served by facsimile and first class mail, postage
prepaid upon Bradford C. Bleidt, 26 Proctor Street, Manchester, MA 01944, Allocation Plus
Asset Management Company, Inc., 205 Portland Street, Boston, MA 02114, and Grover S.
Parnell, Esq., Finneran & Nicholson, PC, 77 North Washington Street, Boston, MA 02114.

Dated: November 17, 2004                    /s/ Silvestre A. Fontes
                                            Silvestre A. Fontes



# David A. Vicinanzo
**Partner**

100 Summer Street • Boston, MA 02110
Phone: 617-375-1177 • E-mail: dvicinanzo@nixonpeabody.com
Website: www.nixonpeabody.com

**Practice**
Business Litigation

**Experience**
David A. Vicinanzo is a partner in the Boston and New Hampshire offices of the national law firm of Nixon Peabody LLP. A trial lawyer, Mr. Vicinanzo serves a broad array of clients—from Fortune 100 to *pro bono*—in New England, New York, the Washington, D.C., area, and elsewhere. He practices primarily in the area of government investigations and the representation of organizations and individuals in complex civil and criminal matters.

Before joining the firm, Mr. Vicinanzo was a federal prosecutor in Washington, D.C., and New England for thirteen years. He served in Washington, D.C., as an advisor to the U.S. attorney general, and as chief prosecutor in the campaign finance investigation of the 1996 presidential election. In that position he managed a task force of more than one hundred attorneys, agents, and analysts, which interviewed thousands of people, reviewed millions of documents, and obtained the convictions of more than twenty defendants, including John Huang, Yah Lin "Charlie" Trie, and Maria Hsia (organizer of the Buddhist Temple matter).

Mr. Vicinanzo also served as acting U.S. attorney for the District of New Jersey (investigation of U.S. senator Robert Torricelli), and special assistant U.S. attorney in Massachusetts. He was also the first assistant U.S. attorney for the U.S. attorney's office for the District of New Hampshire, where he managed an office of sixty lawyers, analysts, and staff. In this position, he was responsible for all aspects of office management including case development, civil enforcement and criminal prosecutions, agency relations, and personnel decisions, as well as a substantial litigation caseload.

Previously, Mr. Vicinanzo spent ten years as an assistant U.S. attorney and five years as criminal division chief. During his tenure as a prosecutor, Mr. Vicinanzo tried or supervised hundreds of cases, from insider trading, environmental crime, and intellectual property infringement to health care fraud and major racketeering. These include some of the most difficult and complex cases in New England in recent years.

- The "code of silence" armored car robbery murders case, which led to the RICO convictions of a violent organized criminal gang from Charlestown, Massachusetts, for the abduction and execution of two guards and a dozen armored car and bank heists from Maine to Florida

- The American Honda executives case, which resulted in the conviction in federal court of twenty-four former executives or dealers of the American Honda Motor Company nationwide. The *New York Times* called the case "the biggest commercial bribery case ever prosecuted by the Department of Justice"

- The prosecution of one of the largest drug importation cases in New England, which resulted in twenty convictions, life sentences, more than $8 million in fines, and millions of dollars in forfeited drug proceeds and laundered assets

- Over fifty prosecutions for bank fraud, bank bribery, mail and wire fraud, insider trading, and market manipulation arising from numerous large bank failures in New England including the conviction of rogue New England bank stock trader Charles Howard

Selected Recent Case Experience

- Defended billion-dollar equipment manufacturer against charges brought by environmental protection agency (EPA); charges dropped in favor of minimal civil penalty

- Obtained defense verdict in federal jury trial as lead counsel for pharmaceutical company

- Successful defense of international organization in civil class action and related criminal investigation by state attorney general; prosecution declined, favorable civil settlement

- Successful litigation and settlement on behalf of multinational corporation against state government alleging trade discrimination and commerce clause violations

- successful litigation on behalf of billion-dollar corporation alleging unfair trade practices and fraud

- Successful defense of various "hedge funds" in SEC and criminal investigations; all civil and criminal charges declined

- Successful defense of major international manufacturer against charges of importation and environmental violations brought by U.S. Customs and EPA; prosecution declined.

- Successful defense of government contractors against False Claims Act charges by U.S. Department of Defense and U.S. attorney; civil and criminal charges declined.

Mr. Vicinanzo has been described by the former head of the FBI in New England as "the best lawyer I have worked with in twenty-nine years with the FBI across the country." He began his career as a civil litigator at the law firm of Chadbourne & Parke in New York City before joining the U.S. Department of Justice in 1988.

**Education**
Fordham University School of Law, J.D. (1985)
National Autonomous University of Mexico, Graduate Studies as a Rotary Graduate Fellow (1981–82)
Harvard University, B.A., with honors (1981)