UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

BRADFORD C. BLEIDT and
ALLOCATION PLUS ASSET MANAGEMENT
COMPANY, INC.

    Defendants.

Case No. ~~CA-04-12414-NG~~

04cv12415NG

---

### [~~PROPOSED~~] ORDER FOR APPOINTMENT OF RECEIVER

Having considered the motion by plaintiff Securities and Exchange Commission ("Commission") for appointment of a receiver and defendants Bradford C. Bleidt ("Bleidt") and Allocation Plus Asset Management Company, Inc. ("Allocation" and collectively, "Defendants") having had an opportunity to be heard, and finding there is good cause for the motion,

**IT IS HEREBY ORDERED** that:

1.    The Commission's motion for appointment of a receiver is allowed and David A. Vicinanzo of Nixon Peabody LLP, 100 Summer Street, Boston, Massachusetts 02110 is appointed as Receiver in accordance with the following provisions of this Order.

2.    The Receiver is hereby authorized, empowered and directed to:

    a.    take and retain immediate possession, custody and control of the funds, assets and property of Allocation and its clients' accounts (the "Allocation Client Accounts"), wherever situated;

    b.    take all steps the Receiver deems necessary to conduct an inventory of

      Allocation's assets and liabilities;

c.   take all steps the Receiver deems necessary to reconstruct the histories of the Allocation Client Accounts to determine whether and how client funds have been dissipated;

d.   take all steps the Receiver deems necessary to secure and protect the assets and property of Allocation and the Allocation Client Accounts for the benefit of its clients;

e.   promptly provide written notice of this Order to all current and former clients of Allocation ("Allocation Clients"). Service of a copy of this Order shall be deemed sufficient notice;

f.   have access to and take control of all books, records, papers and other documents of Allocation, including all computer files;

g.   have access to and take control of all books, records, papers and other documents of Bleidt relating to Allocation;

h.   have control of, and be added as an authorized signatory for, all accounts of Allocation at any bank, brokerage firm or financial institution having possession, custody or control of any assets or funds of Allocation or its clients, wherever situated;

i.   institute, prosecute, defend, compromise, adjust, intervene in, or become party to such legal or equitable actions, claims or proceedings or anticipated legal or equitable actions, claims or proceedings on behalf of Allocation as the Receiver deems necessary and appropriate to carry out

        the Receiver's mandate pursuant to this Order;

j.    defend, compromise or settle such legal or equitable actions, claims or proceedings or anticipated legal or equitable actions, claims or proceedings on behalf of Allocation as the Receiver deems necessary and appropriate to carry out the Receiver's mandate pursuant to this Order;

k.    make or authorize such payments and disbursements from the funds and assets taken into control or thereafter received by him, engage in or authorize such transactions, incur or authorize the incurrence of such expenses, and make or authorize the making of such agreements, as the Receiver deems necessary and appropriate to carry out the Receiver's mandate pursuant to this Order;

l.    engage and employ persons in his discretion and in consultation with the Boston District Office of the Commission to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, attorneys, investment advisers, securities traders, accountants and appraisers;

m.    have access to and review all mail of Allocation and of Bleidt relating to Allocation; and

n.    file on a timely basis all federal, state, and local tax returns.

3.    The Receiver is hereby further authorized, empowered and directed to:

    a.    identify all other persons or entities for whom Bleidt currently is providing investment advisory services or for whom Bleidt currently has

      discretionary authority to engage in securities transactions ("Additional Clients");

b.   take all steps the Receiver deems necessary to secure and protect the assets and property of Additional Clients' accounts ("Additional Client Accounts");

c.   promptly provide written notice of this Order to all Additional Clients. Service of a copy of this Order shall be deemed sufficient notice;

d.   have access to and take control of such books, records, papers and other documents of Bleidt as the Receiver deems necessary and appropriate to identify Additional Clients and Additional Client Accounts;

e.   have access to and take control of all books, records, papers and other documents relating to Additional Client Accounts, including all computer files;

f.   have control of, and be added as an authorized signatory for, all Additional Client Accounts at any bank, brokerage firm or financial institution having possession, custody or control of any Additional Client Accounts;

g.   institute, prosecute, defend, compromise, adjust, intervene in, or become party to such legal or equitable actions, claims or proceedings or anticipated legal or equitable actions, claims or proceedings on behalf of Additional Clients as the Receiver deems necessary and appropriate to carry out the Receiver's mandate pursuant to this Order;

h.   defend, compromise or settle such legal or equitable actions, claims or

4

proceedings or anticipated legal or equitable actions, claims or proceedings on behalf of Additional Clients as the Receiver deems necessary and appropriate to carry out the Receiver's mandate pursuant to this Order;

i. make or authorize such payments and disbursements from the funds and assets taken into control or thereafter received by him, engage in or authorize such transactions, incur or authorize the incurrence of such expenses, and make or authorize the making of such agreements, as the Receiver deems necessary and appropriate to carry out the Receiver's mandate pursuant to this Order;

j. engage and employ persons in his discretion and in consultation with the Boston District Office of the Commission to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, attorneys, investment advisers, securities traders and accountants; and

k. have access to and review all mail of Bleidt relating to Additional Clients.

4. Title to all property, real or personal, all contracts, rights of action, and all books and records of Allocation, wherever located within or without this state, is vested by operation of law in the Receiver;

5. a. All persons, including banks, brokerage firms, financial institutions, and other business entities having possession, custody or control of any assets, funds or accounts in the name of or for the benefit of Allocation or Allocation Clients shall cooperate expeditiously in the granting of control and authorization as a necessary signatory as to said assets, funds or

accounts to the Receiver;

  b. All persons, including banks, brokerage firms, financial institutions, and other business entities having possession, custody or control of Additional Client Accounts shall cooperate expeditiously in the granting of control and authorization as a necessary signatory as to said assets, funds or accounts to the Receiver;

 6. a. All persons, including creditors, banks, investors or others, having actual notice of this Order are enjoined, for the duration of the receivership, from in any way disturbing the assets or proceeds of the receivership and from prosecuting or maintaining actions or proceedings which involve the Receiver or which affect the property of Allocation or Allocation Client Accounts, except with the permission of this Court;

  b. All persons, including creditors, banks, investors or others, having actual notice of this Order are enjoined, for the duration of the receivership, from in any way disturbing the assets or proceeds of the receivership and from prosecuting or maintaining actions or proceedings which involve the Receiver or which affect the property of Additional Client Accounts, except with the permission of this Court;

 7. a. Defendants, all officers, agents, servants, employees, attorneys-in-fact and shareholders of Defendants, and all other persons who are in possession, custody or control of any assets, books, records or other property of Allocation or Allocation Client Accounts shall forthwith give access to and control of such assets, books, records or property to the Receiver, and shall forthwith grant to the Receiver authorization to be a signatory as to all accounts at banks, brokerage firms or financial institutions having possession, custody or control of any assets or funds in the name of or for the benefit of Allocation or Allocation Clients;

    b. Defendants, all officers, agents, servants, employees, attorneys-in-fact and shareholders of Defendants, and all other persons who are in possession, custody or control of any assets, books, records or other property relating to Additional Client Accounts shall forthwith give access to and control of such assets, books, records or property to the Receiver, and shall forthwith grant to the Receiver authorization to be a signatory as to all Additional Client Accounts at banks, brokerage firms or financial institutions having possession, custody or control of any Additional Client Account;

  8. Defendants and the officers, agents, servants, employees and attorneys-in-fact of Defendants shall cooperate with and assist the Receiver and shall turn over to the Receiver all keys, computer passwords, identification numbers, entry codes, combinations to locks required to open, acquire or gain access to any of the assets, documents, records, property or effects of the Defendants as the Receiver deems necessary and appropriate to carry out the Receiver's mandate pursuant to this Order, including but not limited to access to any business premises, means of communication, computer systems, or accounts of the Defendants.

  9. a. Defendants shall not, whether acting by themselves or by and through others, transact any of the business of, or purport to take any action in the name of or on behalf of Allocation or Allocation Clients, excuse debts owing to Allocation or Allocation Clients, take, use, conceal or divert any of Allocation's or Allocation Clients' assets or documents, or otherwise impair or dispose of Allocation's or Allocation Clients' assets or documents;

    b. Defendants shall not, whether acting by themselves or by and through others, transact any of the business of, or purport to take any action in the name of or on behalf of Additional Clients, excuse debts owing to the Additional Clients, take, use, conceal or divert

7

Additional Clients' assets or documents, or otherwise impair or dispose of Additional Clients' assets or documents;

10. The Receiver is not required to post a bond or give an undertaking of any type in connection with his duties and obligations pursuant to this Order;

11. The Receiver shall have the authority to issue subpoenas to compel testimony of persons or production of records consistent with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Massachusetts, concerning any subject matter related to the discharge of the Receiver's duties, including but not limited to the identification, preservation, collection and/or liquidation of receivership assets;

12. The Receiver is required to exercise good faith business judgment in fulfilling his duties and responsibilities pursuant to this Order. The Receiver is entitled to rely on all outstanding rules of law and court orders, and shall not be liable to anyone for his own good faith compliance with any order, rule, law, judgment, or decree. The Receiver shall not be liable for complying with the orders of this Court. In no event shall he be liable to Allocation or to any Additional Client for his good faith compliance with the terms and provisions of this Order, nor shall he be liable to anyone for any action taken or omitted by him except upon a finding by this Court that he acted or failed to act as a result of misfeasance, bad faith, gross negligence, or in reckless disregard of his duties.

13. The Receiver shall pay from the assets of Allocation all reasonable costs, fees, taxes and other expenses (including fees relating to persons employed by the Receiver in connection with this receivership) incurred in the performance of his duties, and shall be compensated for services rendered by himself and other Nixon Peabody partners at an hourly rate

not to exceed $420, for services rendered by Nixon Peabody associates at an hourly rate not to exceed $280, and for services rendered by paralegal and legal assistants at any hourly rate not to exceed $130. The Receiver shall be compensated from the funds in his custody; provided, however, that before paying any such fees: (i) the Receiver must provide all fee applications (detailing all time and expenses claimed and the nature of the services performed) to counsel for the Commission for review and approval as to reasonableness ten days prior to submission for Court approval; and (ii) the Receiver must obtain approval of payment of the fees and expenses from this Court, which shall review such fees and expenses for reasonableness in determining whether, in its discretion, such payment will be approved.

14. The Receiver may be removed at any time by the Court and replaced with a successor. In the event the Receiver decides to resign, he shall first give written notice to the parties and the Court of his intention, and his resignation shall not be effective until the Court has appointed a successor. The Receiver shall then follow such instructions as his successor or the Court gives him in turning over custody and control of the assets of Allocation or of Additional Clients.

15. Every ninety (90) days from the date of this Order, the Receiver shall file a Report with the Court summarizing his activities, providing an accounting of the funds, assets and property in his possession, and reporting on the status of any legal claims. The Receiver shall also include in the Report an application to the Court for an order approving the payment of all reasonable fees and expenses, as provided in paragraph 13. The Receiver shall serve a copy of the Report on counsel for the Commission.

16.  Within forty-five (45) days of the completion of his duties pursuant to this Order, the Receiver shall file a Notice of Termination and Request for Discharge Order seeking discharge by the Court from his responsibilities as Receiver herein. The Notice of Termination and Request for Discharge Order shall include a final report, summarizing all of the Receiver's activities, providing a final accounting of the funds, assets and property in his possession, and reporting on the final disposition of any legal claims.

17.  The provisions of this Order shall remain in full force and effect until further order of the Court.

**DONE AND ORDERED** this _18_ day of _Nov_, 2004.

_____
UNITED STATED DISTRICT JUDGE