UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CA-04-12415-NG |
| | ) | |
| BRADFORD C. BLEIDT and | ) | |
| ALLOCATION PLUS ASSET MANAGEMENT | ) | |
| COMPANY, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PRELIMINARY INJUNCTION,
ORDER FREEZING ASSETS AND
ORDER FOR OTHER EQUITABLE RELIEF**

Having considered Plaintiff's Supplemental Memorandum in Support of its Motion For a

Preliminary Injunction, Order Freezing Assets and Order For Other Equitable Relief, the

Declaration of Mark A. Gera, the Declaration of Anthony C. Jordan, as well as the Complaint

and all of the other evidence which has thus far been submitted in this matter, and oral argument

at the hearing on December 2, 2004, the Court finds that the Commission has made a proper

*prima facie* showing in support of its motion for a preliminary injunction that: (i) Defendants

Bradford C. Bleidt ("Bleidt") and Allocation Plus Asset Management Company, Inc.

("Allocation") have directly or indirectly engaged in the violations alleged in the Complaint; (ii)

there is a reasonable likelihood that these violations will be repeated; (iii) unless preliminarily

enjoined by order of this Court, Defendants Bleidt and Allocation may dissipate, conceal or

transfer from the jurisdiction of this Court assets which could be subject to an order of

disgorgement or an order to pay a civil monetary penalty in this action; and (iv) entry of a

Preliminary Injunction, Order Freezing Assets and Order for Other Equitable Relief

("Preliminary Injunction") as set forth below is necessary and appropriate:

## I.

**IT IS HEREBY FURTHER ORDERED** that Defendants Bleidt and Allocation and each of their agents, servants, employees, attorneys, successors or assigns, and those persons in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise, including facsimile transmission or overnight delivery service, are preliminarily enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5] by, directly or indirectly, through the use of the means or instrumentalities of interstate commerce or of the mails or of any facility of any national securities exchange,

    (a)    employing any device, scheme or artifice to defraud;

    (b)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

## II.

**IT IS HEREBY FURTHER ORDERED** that Defendants Bleidt and Allocation and each of their agents, servants, employees, attorneys, successors or assigns, and those persons in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise, including facsimile transmission or overnight delivery service,

are preliminarily enjoined from violating Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§80b-6(1), (2)] by, directly or indirectly, using the mails or any means or instrumentality of interstate commerce to: (a) employ any device, scheme, or artifice to defraud any client or prospective client; or (b) engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

III.

**IT IS HEREBY FURTHER ORDERED** that:

A.     Defendants Bleidt and Allocation and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise, including facsimile transmission or overnight delivery service, shall hold and retain funds and other assets of Defendants Bleidt and Allocation and presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority (including assets held in the name of or for the benefit of Bleidt, Allocation, radio station WBIX, Financial Perspectives Planning Services, Inc., Financial Perspectives Management Company, FP Insurance Agency, Perspective Broadcasting, Inc., Shared Visions, Inc. and Langer Broadcasting Corporation), in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen, including, but not limited to, such funds held in the following accounts:

3

| Account Holder | Bank | Account Name | Account# |
|---|---|---|---|
| Allocation Plus Asset Management | Fleet | Small Business Simplified Checking | 0055247377 |
| APAM Allocation Plus Asset Management Inc. | Sovereign | Business Cash Mgmt Checking | 61000016545 |
| Bradford C. Bleidt | Fleet | Premier Interest Checking | 0003735281 |
| Bradford C. Bleidt | Fleet | Premier Cash Reserve | 0003735281 |
| Bradford C. Bleidt | Fleet | Premier Interest Checking | 0077052881 |
| Bradford C. Bleidt | Fleet | Premier Money Market Savings | 0103735281 |
| Bradford C. Bleidt | Fleet | Savings Account | 177052881 |
| Financial Perspectives Planning Services Inc. | Fleet | Checking | 0050292819 |
| Financial Perspectives Planning Services Inc. | Fleet | Payroll Account | 0055247296 |
| Financial Perspectives Planning Services Inc. | Fleet | Small Business Simplified Checking | 0055247348 |
| Financial Perspectives Planning Services Inc. | Fleet | Cash Manager Money Market | 0155247348 |
| FPPS Management Inc. | Sovereign | Free Business Checking | 61004945806 |
| Langer Broadcasting Corp DBA WMEX | Sovereign | Business Checking I | 61000022261 |
| Langer Broadcasting Corp DBA WMEX Payroll Account | Sovereign | Business Checking I | 61000022238 |
| Perspectives Broadcasting Inc. | Sovereign | Free Business Checking | 61004945798 |
| Shared Visions Inc. | Sovereign | Business Checking I | 61000030694 |
| Shared Visions Inc. | Sovereign | Business Line of Credit | 89900035786 |

and

  B. All banks, brokerage and other financial institutions and other persons or entities

which receive actual notice of this Preliminary Injunction by personal service or otherwise,

including facsimile transmissions or overnight delivery service, holding any funds or other assets

in the name, for the direct or indirect benefit, or under the direct or indirect control of Defendants

Bleidt and/or Allocation or over which Defendants Bleidt and/or Allocation exercise actual or

apparent investment or other authority (including assets in the name of Bleidt, Allocation, radio

station WBIX, Financial Perspectives Planning Services, Inc., Financial Perspectives

Management Company, FP Insurance Agency, Perspective Broadcasting, Inc., Shared Visions,

Inc. and Langer Broadcasting Corporation), in whatever form such assets may presently exist and

wherever located, including but not limited to all such funds held in the accounts listed in

Paragraph III(A) above, shall hold and retain within their control and prohibit the withdrawal,

removal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance,

diminution in value, or other disposal of any such funds or other assets; and that such funds and

4

assets are hereby frozen.

## IV.

**IT IS HEREBY FURTHER ORDERED** that all persons who hold or possess the direct or indirect proceeds of the misconduct described in the Complaint, in whatever form such funds or other assets may presently exist, who receive actual notice of this Preliminary Injunction, by personal service or otherwise, including facsimile transmission or overnight delivery service, shall hold and retain such funds and assets and shall prevent any withdrawal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen.

## V.

**IT IS HEREBY FURTHER ORDERED** that Defendants Bleidt and Allocation and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise, including facsimile transmission or overnight delivery service, are hereby preliminarily enjoined from destroying, mutilating, concealing, altering, disposing, or transferring custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media or other property relating to Defendants Bleidt and/or Allocation or the misconduct described in the Complaint.

## VI.

**IT IS HEREBY FURTHER ORDERED** that, pursuant to Rule 5 of the Federal Rules of Civil Procedure, service of all pleadings and other papers to be served in this action, subsequent to the Summons and original Complaint, may be made personally, by facsimile

5

transmission, by overnight delivery service, or as this Court may direct by further order.

## VII.

**IT IS HEREBY FURTHER ORDERED** that, unless modified by order of this Court,

this Preliminary Injunction shall remain in effect until entry of a final judgment in, or other final

disposition of, this action.

_____
UNITED STATES DISTRICT JUDGE

December 2, 2004   at 11:40 am