UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE
COMMISSION,
    Plaintiff

V.

BRADFORD C. BLEIDT and
ALLOCATION PLUS ASSET
MANAGEMENT COMPANY, INC.,
    Defendants

CIVIL ACTION NO. 04-CV-12415-NG

## MOTION OF WINSLOW, EVANS & CROCKER, INC.
## FOR LIMITED RELIEF FROM INJUNCTION

Winslow, Evans & Crocker, Inc. ("Winslow") is a broker dealer registered with the

plaintiff, Securities and Exchange Commission. Certain employees of Financial Perspectives

Planning Services, Inc. ("FPPS") and Allocation Plus Asset Management, Inc. ("APAM"), both

subjects of this Court's outstanding Orders for injunctive relief, are independent contractors

registered to trade securities through Winslow. Under the current Order, the approximately

1,822 accounts which these representatives service through Winslow, as employees of FPPS or

APAM, are effectively "frozen" along with a variety of other assets associated with the

defendants. In order to mitigate the impact of such Order upon persons and accounts clearly not involved in the wrongful conduct alleged, Winslow requests that the current restrictions imposed upon its customer accounts be limited to the extent that: (1) trading of assets be permitted at the direction of the customer; 2) required minimum distributions be permitted from qualified individual retirement accounts; and 3) periodic distributions be permitted to customers based upon standing instructions issued prior to November 12, 2004.

The defendant, Bleidt, is an employee of both APAM and FPPS. In this later capacity, he served as a registered independent representative of Winslow. Two registered independent representatives serviced no customer accounts. The remaining 26 registered independent representatives of Winslow who serviced customer accounts, including Bleidt's wife, Bonnie, were employees of FPPS. Numerous customers have contacted Winslow following issuance of this Court's Order freezing their accounts expressing understandable concern regarding the restrictions imposed and the resulting impact upon their personal finances. Based upon Winslow's records and applicable rules of administration, there is no evidence linking these accounts to any of the alleged wrongful acts. Instead, the sole impact of the current Order on these accounts is to restrict access of innocent customers to their funds simply because they happened to invest with an employee of FPPS or APAM.

Accordingly, Winslow requests that trading in such accounts be permitted upon direction of the customer. Such relief would minimize adverse financial impacts upon customers holding accounts through registered representatives of Winslow while collateral issues are reviewed in

this proceeding.  No distributions from any account would be permitted except mandatory minimum distributions from qualified accounts and distributions upon previously standing instructions for monthly income distributions directed by customers.  Without such relief, market activity could erode the value of accounts contrary to the intent that such assets be preserved pending further review by the plaintiff.  The failure to grant such relief would impose undue financial hardship upon such customers likely without any commensurate benefit to the receivership estate.  Upon information and belief, many such customers depend upon the requested distributions for their livelihood.

Further, in anticipation of the completion of the receiver's review with regard to these assets, Winslow requests that the receiver be granted the non-exclusive authority to further limit the effect of the Court's Order dated November 12, 2004, including the release of the subject accounts from the scope of such Order.

WHEREFORE, Winslow, Evans & Crocker, Inc. requests that the existing Orders of the Court be modified as to all accounts at Winslow, Evans & Crocker, Inc. serviced by either Financial Perspectives Planning Services, Inc. or managed by Allocation Plus Asset Management, Inc.:

1.    to permit trading within such accounts at each customer's direction notwithstanding any restriction to the contrary imposed by those outstanding Orders; and, further, to allow mandatory distributions from qualified individual retirement accounts and upon standing instructions for periodic distributions issued prior to November 12, 2004

2.     to authorize the receiver to further limit the restriction imposed by those outstanding Orders upon such accounts, including the release of such accounts from the scope of such Orders within his discretion.

**WINSLOW, EVANS & CROCKER, INC.**

By its attorneys,

Robert L. Hamer, Esq.  BBO #218715
William S. Rogers, Jr., Esq.  BBO #549487
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:    (508) 791-8502

## CERTIFICATE OF SERVICE

I, Robert L. Hamer, hereby certify that I have this day served a copy of the foregoing document, by delivering via federal express and via e-mail, to the following:

Silvestre A. Fontes, Esq.
Walter G. Ricciardi, Esq.
Michele T. Perillo, Esq.
Securities and Exchange Commission
73 Tremont Street, 6th Floor, Suite 600
Boston, MA 02108
E-mail:  www.fontess@sec.gov
*Counsel for Plaintiff*

David A. Vicinanzo, Esq.
Nixon, Peabody, LLP
100 Summer Street
Boston, MA 02110
E-mail:  dvicinanzo@nixonpeabody.com
*Court Appointed Receiver*

Robert L. Hamer, Esq.

Dated:  *12-1-04*