# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | |
| ) | |
| Plaintiff,  ) | Case No. CA-04-12415-NG |
| ) | |
| vs.  ) | |
| ) | |
| BRADFORD C. BLEIDT and  ) | |
| ALLOCATION PLUS ASSET MANAGEMENT  ) | |
| COMPANY, INC.  ) | |
| ) | |
| Defendants.  ) | |

## JOINT EXPEDITED MOTION OF RECEIVER DAVID A. VICINANZO AND THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION FOR ORDER TRANSFERRING FUNDS TO RECEIVER FOR PROMPT PAYMENT OF EMPLOYEE WAGES

David A. Vicinanzo, Receiver of the assets of Bradford C. Bleidt and the corporations he owned (the "Receiver"),[1] and the United States Securities and Exchange Commission (the "SEC") hereby move this Court for entry of an order in the form attached hereto as Exhibit A, releasing the freeze imposed on all Bleidt entity bank accounts[2] and ordering the immediate transfer of all funds in those accounts to the Receiver so that he may pay employee wages due as listed on the schedule attached hereto as Exhibit C, as well as other expenses of the receivership estate in accordance with the orders of this Court.  As detailed below, the wages need to be paid promptly in order to avoid the accrual of unnecessary expenses and claims that could be charged to the receivership estate.

---

[1] The entities that this Court directed the Receiver to take control of in its prior orders are:  Allocation Plus Asset Management Company, Inc. ("APAM"), Financial Perspectives Planning Services, Inc. ("FPPS"), FPPS Management, Inc.  ("FPMC"), FP Insurance Agency, Inc.,  Perspectives Broadcasting, Inc., Shared Visions, Inc. and Langer Broadcasting Corporation n/k/a/ WBIX Corp.  (collectively the "Bleidt Entities").

[2] A list of the known accounts is attached hereto as Exhibit B.

I.    **Background Facts**

1.    On November 12, 2004, the Court granted the Securities and Exchange Commission's Emergency Motion for a Temporary Restraining Order, Order Freezing Assets and Order for Other Equitable Relief, and on November 17, 2004, that Order was extended. On November 18, 2004, the SEC's Motion for Appointment of a Receiver was allowed. At that time, the Court appointed David A. Vicinanzo, Esq. as the Receiver in this matter. On November 22, 2004, the Court (Stearns, J.), granted the Motion of the Plaintiff Securities and Exchange Commission to Clarify Scope of Order Appointing Receiver and entered a revised order. On December 2, 2004, the Court entered the Preliminary Injunction, Order Freezing Assets and Order for Other Equitable Relief. Collectively the November 18, November 22 and December 2 orders of the Court shall be referred to herein as the "Freeze Orders" and copies are attached hereto as Exhibit D.

2.    On November 18, 2004, at the time of the Receiver's appointment, the Bleidt Entities employed approximately 42 employees. By December 8, 2004, the Receiver had terminated all but one of those employees.[3] Upon information and belief, other employees had been terminated between November 4 and November 17, 2004.

3.    At the time that the first of the Freeze Orders issued, approximately $180,000 were in several different accounts in the names of APAM and FPPS and certain other Bleidt Entities. A list of all of the then-known bank accounts of the Bleidt Entities is on page 4 of the Court's December 2, 2004 Order. Collectively, all of these accounts of the Bleidt Entities shall be referred to herein as the "Accounts."

---

[3] At this time, one employee remains employed so that COBRA coverage for former employees can continue. Three other individuals are being retained by the Receiver on an hourly, as-needed basis to assist with the wind-up.

## II.    Wages to be Paid

4.    Approximately 35 employees of APAM, FPPS and FPPS Management, Inc. are owed wages and commissions for part or all of the period of November 4, 2004 through December 7, 2004.  See Exhibit C.  The employment of these individuals during this period permitted a smooth transition of investor accounts, and allowed the Receiver to gain control of a vast amount of information in an orderly manner that will be invaluable as claims are analyzed going forward.

5.    Exhibit C to this Motion is a schedule of the intended recipients of the wages and commissions and the gross amount that will be paid to each, to the extent funds are available.  Deductions for payroll taxes, social security, pre-paid wages, loans and the employee share of health insurance premiums will be made.

6.    The prompt payment of Employee Wages is necessary to prevent the accrual of statutory and other claims against the receivership estate.  Only through prompt payment of these wage claims can future liability be avoided and the assets available for later distribution be maximized.

## III.    Payment of Employee Health Insurance

7.    The Receiver is in the process of paying approximately $15,527 to Blue CrossBlue Shield of Massachusetts ("Blue Cross") to cover employee health insurance payments.  Approximately $5,015 of the $15,527, representing the "employee" share of the health insurance premiums, will subsequently be setoff against amounts due to employees for wages and/or commissions.  The Receiver is paying these premiums with commission funds received by the Receiver after the Freeze Orders entered.

8.    The Receiver is making the $15,527 payment so that Blue Cross does not terminate coverage to 45 former employees and dependents.  It is possible that, were such

terminations to occur, the effect would be retroactive.  In other words, it is possible that an employee who visited their doctor, or had a medical procedure performed, over the past weeks could find that his or her insurance was cancelled retroactively.  In addition, in order to ensure the availability of COBRA coverage to employees who have been terminated, the Receiver is making the insurance premium payments to prevent the precipitous termination of the contract.  Because virtually all employees have now been terminated, there will not be any significant, ongoing employer premiums for the provision of employee health insurance.[4]

9.      Exhibit E to this Motion identifies the employees whose insurance premiums that will be paid by the Receiver.

**WHEREFORE**, David A. Vicinanzo, Receiver and the Securities and Exchange Commission request that this Court:

A.      enter the order attached hereto as Exhibit A ordering:

i.   That each financial institution and other custodian of assets, credits, financial instruments and monetized funds, that holds funds in accounts standing in the name of any of the Bleidt Entities, including without limitation Allocation Plus Asset Management Company, Inc., Financial Perspectives Planning Services, Inc. and/or Shared Visions, Inc. immediately wire those funds to ADP payroll services and/or the Receiver as directed by the Receiver;

ii.  That the Receiver promptly, to the extent that funds are available, pay the employee wages listed on Exhibit C to this Motion as well as other

---

[4] While the Receiver is taking every reasonable step to maintain employee coverage under COBRA, that may not be possible in the future and employees are encouraged to obtain alternate coverage.

expenses of the receivership estate in accordance with the Orders of

this Court.;

and

B.        grant such other relief as is reasonable and just.


December 15, 2004                                    Respectfully submitted,

                                                    DAVID A. VICINANZO, RECEIVER
                                                    FOR ALLOCATION PLUS ASSET
                                                    MANAGEMENT COMPANY, INC. AND
                                                    ITS CLIENTS


                                                    /s/ Richard C. Pedone
                                                    Steven N. Fuller BBO# 550224
                                                    Richard C. Pedone BBO# 630716
                                                    Lee Harrington BBO # 643932
                                                    Nixon Peabody LLP
                                                    100 Summer Street
                                                    Boston, MA  02110
                                                    (617) 345-1000

                                                    PRO HAC VICE MOTION PENDING

                                                    /s/ Kevin Fitzgerald
                                                    Kevin Fitzgerald
                                                    Nixon Peabody LLP
                                                    889 Elm Street
                                                    Manchester, NH 03101
                                                    (603) 628-4040

and

SECURITIES AND EXCHANGE
COMMISSION


/s/ Silvestre A. Fontes
Silvestre A. Fontes, BBO #627971
Attorney For Plaintiff
Securities and Exchange Commission
73 Tremont Street, Suite 600
Boston, MA  02108
(617) 573-8991

## CERTIFICATE OF SERVICE

I, Lee Harrington, hereby certify that on  this 15th day of December, 2004, I served the attached Joint Expedited Motion of Receiver David A. Vicinanzo and the United States Securities and Exchange Commission for Order Transferring Funds to Receiver for Prompt Payment of Employee Wages by electronic or first class mail, postage prepaid to parties on the attached Service Lists.

  /s/ Lee Harrington
                Lee Harrington

**BY ELECTRONIC MAIL**

Silvestre A. Fontes
Walter G. Ricciardi
Michele T. Perillo
Securities and Exchange Commission
73 Tremont Street
6th Floor
Boston, MA 02108
617-573-8991
Fax: 617-424-5940
Email: fontess@sec.gov
Email: ricciardiw@sec.gov
Email: perillom@sec.gov

Robert L. Hamer
William S. Rogers, Jr.
Mirick, O'Connell, DeMallie & Lougee, LLP
1700 Bank of Boston Tower
100 Front Street
Worcester, MA 01608-1477
508-791-8500
Fax: 508-791-8502
Email: rlhamer@mirickoconnell.com
Email: wsrogers@mirickoconnell.com

**BY FIRST CLASS MAIL**

Bradford C. Bleidt
(Inmate # 25433-038)
c/o Federal Medical Center -
Ft. Devens
P.O. Box 879
Ayer, MA 01432

# EXHIBIT A

BOS1445682.1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | Case No. CA-04-12415-NG |
| ) | |
| vs. ) | |
| ) | |
| BRADFORD C. BLEIDT and ) | |
| ALLOCATION PLUS ASSET MANAGEMENT ) | |
| COMPANY, INC. ) | |
| ) | |
| Defendants. ) | |

**ORDER ON JOINT EXPEDITED MOTION OF RECEIVER**
**DAVID A. VICINANZO AND THE UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION FOR**
**ORDER TRANSFERRING FUNDS TO RECEIVER FOR**
**PROMPT PAYMENT OF EMPLOYEE WAGES**

Having considered the joint motion (the "Motion") by David A. Vicinanzo, Receiver of

the assets of Bradford C. Bleidt and the corporations he owned and/or controlled (the

"Receiver"), and the United States Securities and Exchange Commission (the "SEC") for entry

of an order releasing the freeze imposed on all Bleidt Entity (as defined by the Motion) bank

accounts and ordering the immediate transfer of all funds in those accounts to the Receiver so

that he may pay employee wages due as listed on the schedules attached to the Motion, as well as

other expenses of the receivership estate in accordance with the orders of this Court, and finding

there is good cause for the relief requested by the Motion,

**IT IS HEREBY ORDERED** that:

1.  Each financial institution, and other custodian of assets, credits, financial instruments and monetized funds, that holds funds in accounts standing in the name of any of the Bleidt Entities, including without limitation Allocation Plus Asset Management Company, Inc., Financial Perspectives Planning Services, Inc. and/or Shared Visions, Inc. is hereby authorized and directed to immediately wire those funds to ADP payroll services and/or the Receiver as directed by the Receiver; and

2.  The Receiver is authorized promptly, to the extent that funds are available, to pay the employee wages listed on <u>Exhibit C</u> to the Motion as well as other expenses of the receivership estate in accordance with the Orders of this Court.

**DONE AND ORDERED this ___ day of December, 2004.**

_____
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT B

**EXHIBIT B**

**ACCOUNT LIST**

| Account Holder | Bank | Account Name | Account # |
|---|---|---|---|
| Allocation Plus Asset Management | Fleet | Small Business Simplified Checking | 0055247377 |
| APAM Allocation Plus Asset Management, Inc. | Sovereign | Business Cash Management Checking | 61000016545 (not on books shadow account) |
| Bradford C. Bleidt | Fleet | Premier Interest Checking | 0003735281 |
| Bradford C. Bleidt | Fleet | Premier Cash Reserve | 0003735281 |
| Bradford C. Bleidt | Fleet | Premier Interest Checking | 077052881 |
| Bradford C. Bleidt | Fleet | Premier Money Market Savings | 0103735281 |
| Bradford C. Bleidt | Fleet | Savings Account | 177052881 |
| Financial Perspectives Planning Services, Inc. | Fleet | Checking | 0050292819 |
| Financial Perspectives Planning Services, Inc. | Fleet | Payroll Account | 0055247296 |
| Financial Perspectives Planning Services, Inc. | Fleet | Small Business Simplified Checking | 0055247348 |
| Financial Perspectives Planning Services, Inc. | Fleet | Cash Manager Money Market | 0155247348 |
| FPPS Management, Inc. | Sovereign | Free Business Checking | 61004945806 |
| Langer Broadcasting Corp. DBA WMEX | Sovereign | Business Checking I | 61000022261 |

- 2 -

| Account Holder | Bank | Account Name | Account # |
|---|---|---|---|
| Langer Broadcasting Corp. D/B/A WMEX Payroll Account (700 payroll checks) | Sovereign | Business Checking I | 61000022238 |
| Perspectives Broadcasting, Inc. | Sovereign | Free Business Checking | 61004945798 |
| Shared Visions, Inc. | Sovereign | Business Checking I | 61000030694 |
| Shared Visions, Inc. | Sovereign | Business Line of Credit | 89900035786 |

BOS1444604.1

# EXHIBIT C

**APAM PAYROLL**
**11/4/04 to 12/07/04**

| Name | Last | Salary | |
|------|------|--------|--|
| Dave | Thomas | $ 2,931.06 | Laid off 12/03/04 |
| James | Keefe | $ 7,936.97 | Laid off 12/03/04 |
| | | $ 10,868.03 | |

**FPPS Management Payroll**
**11/4/04 to 12/07/04**

| Name | Last | Salary | |
|------|------|--------|--|
| Rich | Bertone | $ 7,827.61 | Laid off 12/07/04 |
| Doug | Billings | $ 4,087.12 | Laid off 11/15/04 |
| Victoria | Bonarrigo | $ 1,652.16 | Laid off 11/15/04 |
| John | Esperian | $ 1,385.67 | Laid off 11/15/04 |
| Nancy | Foss | $ 4,941.31 | Laid off 12/03/04 |
| Keith | Harris | $ 7,505.58 | Laid off 12/07/04 |
| Mike | Hatch | $ 1,536.42 | Laid off 11/15/04 |
| DeRoin | Motah | $ 1,380.48 | Laid off 11/15/04 |
| Amanda | Ribeiro | $ 728.00 | Laid off 11/15/04 |
| Sonya | Rosa | $ 2,162.00 | Laid off 12/03/04 |
| Jazmin | Vasquez | $ 855.75 | Laid off 11/15/04 |
|  |  | $ 34,062.10 | |

## FPPS PAYROLL
### 11/4/04 to 12/7/04

| Name | Last | Salary | Commission | Commission Balance |
|---|---|---|---|---|
| Bonnie | Bleidt | $ - | $ 2,783.80 | $ - |
| Elaine | Bonoma | $ - | $ 1,000.00 | 15,547.33 |
| George | Bowen | $ - | $ 412.12 | - |
| Margaret | Bowen | $ 926.64 | $ - | - |
| Richard | Bowen | $ - | $ 10,000.00 | 13,866.58 |
| Sean | Bradley | $ - | $ - | - |
| Bruce | Burgess | $ - | $ 1,635.85 | - |
| John | Coyne | $ - | $ 2,500.00 | - |
| Joe | DeLuca | $ 8,223.95 | $ - | 28,456.60 |
| Fred | deNapoli | $ 250.00 | $ - | 16,296.75 |
| Dennis | Doble | $ - | $ 4,976.61 | - |
| Michael | Dull | $ - | $ 1,812.14 | - |
| Steven | Ellman | $ 2,113.81 | $ - | - |
| Anne | Esperian | $ 1,160.85 | $ - | - |
| Debbie | Foley | $ 740.25 | $ - | - |
| Mike | Garvan | $ - | $ - | - |
| Dan | Garza | $ - | $ - | - |
| John | Gregorio | $ - | $ 4,379.90 | - |
| James | Keefe | $ - | $ - | 76.15 |
| Dolores | Kong | $ 1,320.18 | $ 121.29 | - |
| Richard | LeBranti | $ - | $ 1,534.15 | - |
| James | McCarty | $ 7,074.55 | $ - | 3.60 |
| Joyce | Mills | $ - | $ - | 1,746.85 |
| Susana | Ngan | $ 5,976.92 | $ - | - |
| Robert | Pajak | $ - | $ - | - |
| Mark | Pinardi | $ - | $ - | 70.57 |
| Mike | Ratty | $ 1,795.36 | $ - | - |
| Thomas | Scanlan | $ 5,556.73 | $ - | - |
| Audrey | Searle | $ - | $ - | - |
| Brian | Vinargo | $ 1,320.18 | $ - | - |

**EXHIBIT D**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CA-04-12415-NG |
| | ) |
| BRADFORD C. BLEIDT and | ) |
| ALLOCATION PLUS ASSET MANAGEMENT | ) |
| COMPANY, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PRELIMINARY INJUNCTION,
ORDER FREEZING ASSETS AND
ORDER FOR OTHER EQUITABLE RELIEF**

Having considered Plaintiff's Supplemental Memorandum in Support of its Motion For a

Preliminary Injunction, Order Freezing Assets and Order For Other Equitable Relief, the

Declaration of Mark A. Gera, the Declaration of Anthony C. Jordan, as well as the Complaint

and all of the other evidence which has thus far been submitted in this matter, and oral argument

at the hearing on December 2, 2004, the Court finds that the Commission has made a proper

*prima facie* showing in support of its motion for a preliminary injunction that: (i) Defendants

Bradford C. Bleidt ("Bleidt") and Allocation Plus Asset Management Company, Inc.

("Allocation") have directly or indirectly engaged in the violations alleged in the Complaint; (ii)

there is a reasonable likelihood that these violations will be repeated; (iii) unless preliminarily

enjoined by order of this Court, Defendants Bleidt and Allocation may dissipate, conceal or

transfer from the jurisdiction of this Court assets which could be subject to an order of

disgorgement or an order to pay a civil monetary penalty in this action; and (iv) entry of a

Preliminary Injunction, Order Freezing Assets and Order for Other Equitable Relief

("Preliminary Injunction") as set forth below is necessary and appropriate:

### I.

**IT IS HEREBY FURTHER ORDERED** that Defendants Bleidt and Allocation and each of their agents, servants, employees, attorneys, successors or assigns, and those persons in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise, including facsimile transmission or overnight delivery service, are preliminarily enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5] by, directly or indirectly, through the use of the means or instrumentalities of interstate commerce or of the mails or of any facility of any national securities exchange,

    (a)    employing any device, scheme or artifice to defraud;

    (b)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

### II.

**IT IS HEREBY FURTHER ORDERED** that Defendants Bleidt and Allocation and each of their agents, servants, employees, attorneys, successors or assigns, and those persons in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise, including facsimile transmission or overnight delivery service,

are preliminarily enjoined from violating Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§80b-6(1), (2)] by, directly or indirectly, using the mails or any means or instrumentality of interstate commerce to:  (a) employ any device, scheme, or artifice to defraud any client or prospective client; or (b) engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

### III.

**IT IS HEREBY FURTHER ORDERED** that:

A.    Defendants Bleidt and Allocation and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise, including facsimile transmission or overnight delivery service, shall hold and retain funds and other assets of Defendants Bleidt and Allocation and presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority (including assets held in the name of or for the benefit of Bleidt, Allocation, radio station WBIX, Financial Perspectives Planning Services, Inc., Financial Perspectives Management Company, FP Insurance Agency, Perspective Broadcasting, Inc., Shared Visions, Inc. and Langer Broadcasting Corporation), in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen, including, but not limited to, such funds held in the following accounts:

3

| Account Holder | Bank | Account Name | Account# |
|---|---|---|---|
| Allocation Plus Asset Management | Fleet | Small Business Simplified Checking | 0055247377 |
| APAM Allocation Plus Asset Management Inc. | Sovereign | Business Cash Mgmt Checking | 61000016545 |
| Bradford C. Bleidt | Fleet | Premier Interest Checking | 0003735281 |
| Bradford C. Bleidt | Fleet | Premier Cash Reserve | 0003735281 |
| Bradford C. Bleidt | Fleet | Premier Interest Checking | 0077052881 |
| Bradford C. Bleidt | Fleet | Premier Money Market Savings | 0103735281 |
| Bradford C. Bleidt | Fleet | Savings Account | 177052881 |
| Financial Perspectives Planning Services Inc. | Fleet | Checking | 0050292819 |
| Financial Perspectives Planning Services Inc. | Fleet | Payroll Account | 0055247296 |
| Financial Perspectives Planning Services Inc. | Fleet | Small Business Simplified Checking | 0055247348 |
| Financial Perspectives Planning Services Inc. | Fleet | Cash Manager Money Market | 0155247348 |
| FPPS Management Inc. | Sovereign | Free Business Checking | 61004945806 |
| Langer Broadcasting Corp DBA WMEX | Sovereign | Business Checking I | 61000022261 |
| Langer Broadcasting Corp DBA WMEX Payroll Account | Sovereign | Business Checking I | 61000022238 |
| Perspectives Broadcasting Inc. | Sovereign | Free Business Checking | 61004945798 |
| Shared Visions Inc. | Sovereign | Business Checking I | 61000030694 |
| Shared Visions Inc. | Sovereign | Business Line of Credit | 89900035786 |

and

B.     All banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Preliminary Injunction by personal service or otherwise, including facsimile transmissions or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of Defendants Bleidt and/or Allocation or over which Defendants Bleidt and/or Allocation exercise actual or apparent investment or other authority (including assets in the name of Bleidt, Allocation, radio station WBIX, Financial Perspectives Planning Services, Inc., Financial Perspectives Management Company, FP Insurance Agency, Perspective Broadcasting, Inc., Shared Visions, Inc. and Langer Broadcasting Corporation), in whatever form such assets may presently exist and wherever located, including but not limited to all such funds held in the accounts listed in Paragraph III(A) above, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and

4

assets are hereby frozen.

## IV.

**IT IS HEREBY FURTHER ORDERED** that all persons who hold or possess the direct or indirect proceeds of the misconduct described in the Complaint, in whatever form such funds or other assets may presently exist, who receive actual notice of this Preliminary Injunction, by personal service or otherwise, including facsimile transmission or overnight delivery service, shall hold and retain such funds and assets and shall prevent any withdrawal, sale, payment, transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen.

## V.

**IT IS HEREBY FURTHER ORDERED** that Defendants Bleidt and Allocation and each of their agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Preliminary Injunction by personal service or otherwise, including facsimile transmission or overnight delivery service, are hereby preliminarily enjoined from destroying, mutilating, concealing, altering, disposing, or transferring custody of any items, including but not limited to any books, records, documents, correspondence, contracts, agreements, assignments, obligations, tape recordings, computer media or other property relating to Defendants Bleidt and/or Allocation or the misconduct described in the Complaint.

## VI.

**IT IS HEREBY FURTHER ORDERED** that, pursuant to Rule 5 of the Federal Rules of Civil Procedure, service of all pleadings and other papers to be served in this action, subsequent to the Summons and original Complaint, may be made personally, by facsimile

transmission, by overnight delivery service, or as this Court may direct by further order.

**VII.**

**IT IS HEREBY FURTHER ORDERED** that, unless modified by order of this Court,

this Preliminary Injunction shall remain in effect until entry of a final judgment in, or other final

disposition of, this action.

_____
UNITED STATES DISTRICT JUDGE

December 2, 2004  at 11:40 pm

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

SECURITIES AND EXCHANGE COMMISSION, :
:
Plaintiff, :
:
v. :
:
BRADFORD C. BLEIDT and :
ALLOCATION PLUS ASSET MANAGEMENT :
COMPANY, INC. :
:
Defendants. :
:

Case No. ~~CA-04-12414-NG~~

O4cv12415N6

---

## [PROPOSED] ORDER FOR APPOINTMENT OF RECEIVER

Having considered the motion by plaintiff Securities and Exchange Commission

("Commission") for appointment of a receiver and defendants Bradford C. Bleidt ("Bleidt") and

Allocation Plus Asset Management Company, Inc. ("Allocation" and collectively, "Defendants")

having had an opportunity to be heard, and finding there is good cause for the motion,

**IT IS HEREBY ORDERED** that:

1.    The Commission's motion for appointment of a receiver is allowed and David A.

Vicinanzo of Nixon Peabody LLP, 100 Summer Street, Boston, Massachusetts 02110 is

appointed as Receiver in accordance with the following provisions of this Order.

2.    The Receiver is hereby authorized, empowered and directed to:

      a.    take and retain immediate possession, custody and control of the funds,

            assets and property of Allocation and its clients' accounts (the "Allocation

            Client Accounts"), wherever situated;

      b.    take all steps the Receiver deems necessary to conduct an inventory of

Allocation's assets and liabilities;

c.    take all steps the Receiver deems necessary to reconstruct the histories of

the Allocation Client Accounts to determine whether and how client funds

have been dissipated;

d.    take all steps the Receiver deems necessary to secure and protect the assets

and property of Allocation and the Allocation Client Accounts for the

benefit of its clients;

e.    promptly provide written notice of this Order to all current and former

clients of Allocation ("Allocation Clients").  Service of a copy of this

Order shall be deemed sufficient notice;

f.    have access to and take control of all books, records, papers and other

documents of Allocation, including all computer files;

g.    have access to and take control of all books, records, papers and other

documents of Bleidt relating to Allocation;

h.    have control of, and be added as an authorized signatory for, all accounts

of Allocation at any bank, brokerage firm or financial institution having

possession, custody or control of any assets or funds of Allocation or its

clients, wherever situated;

i.    institute, prosecute, defend, compromise, adjust, intervene in, or become

party to such legal or equitable actions, claims or proceedings or

anticipated legal or equitable actions, claims or proceedings on behalf of

Allocation as the Receiver deems necessary and appropriate to carry out

2

the Receiver's mandate pursuant to this Order;

j.    defend, compromise or settle such legal or equitable actions, claims or proceedings or anticipated legal or equitable actions, claims or proceedings on behalf of Allocation as the Receiver deems necessary and appropriate to carry out the Receiver's mandate pursuant to this Order;

k.    make or authorize such payments and disbursements from the funds and assets taken into control or thereafter received by him, engage in or authorize such transactions, incur or authorize the incurrence of such expenses, and make or authorize the making of such agreements, as the Receiver deems necessary and appropriate to carry out the Receiver's mandate pursuant to this Order;

l.    engage and employ persons in his discretion and in consultation with the Boston District Office of the Commission to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, attorneys, investment advisers, securities traders, accountants and appraisers;

m.    have access to and review all mail of Allocation and of Bleidt relating to Allocation; and

n.    file on a timely basis all federal, state, and local tax returns.

3.    The Receiver is hereby further authorized, empowered and directed to:

a.    identify all other persons or entities for whom Bleidt currently is providing investment advisory services or for whom Bleidt currently has

3

discretionary authority to engage in securities transactions ("Additional Clients");

b.    take all steps the Receiver deems necessary to secure and protect the assets and property of Additional Clients' accounts ("Additional Client Accounts");

c.    promptly provide written notice of this Order to all Additional Clients. Service of a copy of this Order shall be deemed sufficient notice;

d.    have access to and take control of such books, records, papers and other documents of Bleidt as the Receiver deems necessary and appropriate to identify Additional Clients and Additional Client Accounts;

e.    have access to and take control of all books, records, papers and other documents relating to Additional Client Accounts, including all computer files;

f.    have control of, and be added as an authorized signatory for, all Additional Client Accounts at any bank, brokerage firm or financial institution having possession, custody or control of any Additional Client Accounts;

g.    institute, prosecute, defend, compromise, adjust, intervene in, or become party to such legal or equitable actions, claims or proceedings or anticipated legal or equitable actions, claims or proceedings on behalf of Additional Clients as the Receiver deems necessary and appropriate to carry out the Receiver's mandate pursuant to this Order;

h.    defend, compromise or settle such legal or equitable actions, claims or

4

proceedings or anticipated legal or equitable actions, claims or

proceedings on behalf of Additional Clients as the Receiver deems

necessary and appropriate to carry out the Receiver's mandate pursuant to

this Order;

i.     make or authorize such payments and disbursements from the funds and

assets taken into control or thereafter received by him, engage in or

authorize such transactions, incur or authorize the incurrence of such

expenses, and make or authorize the making of such agreements, as the

Receiver deems necessary and appropriate to carry out the Receiver's

mandate pursuant to this Order;

j.     engage and employ persons in his discretion and in consultation with the

Boston District Office of the Commission to assist him in carrying out his

duties and responsibilities hereunder, including, but not limited to,

attorneys, investment advisers, securities traders and accountants; and

k.     have access to and review all mail of Bleidt relating to Additional Clients.

4.     Title to all property, real or personal, all contracts, rights of action, and all books

and records of Allocation, wherever located within or without this state, is vested by operation of

law in the Receiver;

5.     a.     All persons, including banks, brokerage firms, financial institutions, and

other business entities having possession, custody or control of any assets, funds or accounts in

the name of or for the benefit of Allocation or Allocation Clients shall cooperate expeditiously in

the granting of control and authorization as a necessary signatory as to said assets, funds or

accounts to the Receiver;

b.    All persons, including banks, brokerage firms, financial institutions, and other business entities having possession, custody or control of Additional Client Accounts shall cooperate expeditiously in the granting of control and authorization as a necessary signatory as to said assets, funds or accounts to the Receiver;

6.    a.    All persons, including creditors, banks, investors or others, having actual notice of this Order are enjoined, for the duration of the receivership, from in any way disturbing the assets or proceeds of the receivership and from prosecuting or maintaining actions or proceedings which involve the Receiver or which affect the property of Allocation or Allocation Client Accounts, except with the permission of this Court;

b.    All persons, including creditors, banks, investors or others, having actual notice of this Order are enjoined, for the duration of the receivership, from in any way disturbing the assets or proceeds of the receivership and from prosecuting or maintaining actions or proceedings which involve the Receiver or which affect the property of Additional Client Accounts, except with the permission of this Court;

7.    a.    Defendants, all officers, agents, servants, employees, attorneys-in-fact and shareholders of Defendants, and all other persons who are in possession, custody or control of any assets, books, records or other property of Allocation or Allocation Client Accounts shall forthwith give access to and control of such assets, books, records or property to the Receiver, and shall forthwith grant to the Receiver authorization to be a signatory as to all accounts at banks, brokerage firms or financial institutions having possession, custody or control of any assets or funds in the name of or for the benefit of Allocation or Allocation Clients;

6

      b.       Defendants, all officers, agents, servants, employees, attorneys-in-fact and shareholders of Defendants, and all other persons who are in possession, custody or control of any assets, books, records or other property relating to Additional Client Accounts shall forthwith give access to and control of such assets, books, records or property to the Receiver, and shall forthwith grant to the Receiver authorization to be a signatory as to all Additional Client Accounts at banks, brokerage firms or financial institutions having possession, custody or control of any Additional Client Account;

      8.      Defendants and the officers, agents, servants, employees and attorneys-in-fact of Defendants shall cooperate with and assist the Receiver and shall turn over to the Receiver all keys, computer passwords, identification numbers, entry codes, combinations to locks required to open, acquire or gain access to any of the assets, documents, records, property or effects of the Defendants as the Receiver deems necessary and appropriate to carry out the Receiver's mandate pursuant to this Order, including but not limited to access to any business premises, means of communication, computer systems, or accounts of the Defendants.

      9.    a.      Defendants shall not, whether acting by themselves or by and through others, transact any of the business of, or purport to take any action in the name of or on behalf of Allocation or Allocation Clients, excuse debts owing to Allocation or Allocation Clients, take, use, conceal or divert any of Allocation's or Allocation Clients' assets or documents, or otherwise impair or dispose of Allocation's or Allocation Clients' assets or documents;

      b.       Defendants shall not, whether acting by themselves or by and through others, transact any of the business of, or purport to take any action in the name of or on behalf of Additional Clients, excuse debts owing to the Additional Clients, take, use, conceal or divert

7

Additional Clients' assets or documents, or otherwise impair or dispose of Additional Clients'

assets or documents;

10.    The Receiver is not required to post a bond or give an undertaking of any type in

connection with his duties and obligations pursuant to this Order;

11.    The Receiver shall have the authority to issue subpoenas to compel testimony of

persons or production of records consistent with the Federal Rules of Civil Procedure and the

Local Rules for the United States District Court for the District of Massachusetts, concerning any

subject matter related to the discharge of the Receiver's duties, including but not limited to the

identification, preservation, collection and/or liquidation of receivership assets;

12.    The Receiver is required to exercise good faith business judgment in fulfilling his

duties and responsibilities pursuant to this Order.  The Receiver is entitled to rely on all

outstanding rules of law and court orders, and shall not be liable to anyone for his own good faith

compliance with any order, rule, law, judgment, or decree.  The Receiver shall not be liable for

complying with the orders of this Court.  In no event shall he be liable to Allocation or to any

Additional Client for his good faith compliance with the terms and provisions of this Order, nor

shall he be liable to anyone for any action taken or omitted by him except upon a finding by this

Court that he acted or failed to act as a result of misfeasance, bad faith, gross negligence, or in

reckless disregard of his duties.

13.    The Receiver shall pay from the assets of Allocation all reasonable costs, fees,

taxes and other expenses (including fees relating to persons employed by the Receiver in

connection with this receivership) incurred in the performance of his duties, and shall be

compensated for services rendered by himself and other Nixon Peabody partners at an hourly rate

not to exceed $420, for services rendered by Nixon Peabody associates at an hourly rate not to

exceed $280, and for services rendered by paralegal and legal assistants at any hourly rate not to

exceed $130 . The Receiver shall be compensated from the funds in his custody; provided,

however, that before paying any such fees: (i) the Receiver must provide all fee applications

(detailing all time and expenses claimed and the nature of the services performed) to counsel for

the Commission for review and approval as to reasonableness ten days prior to submission for

Court approval; and (ii) the Receiver must obtain approval of payment of the fees and expenses

from this Court, which shall review such fees and expenses for reasonableness in determining

whether, in its discretion, such payment will be approved.

     14.    The Receiver may be removed at any time by the Court and replaced with a

successor. In the event the Receiver decides to resign, he shall first give written notice to the

parties and the Court of his intention, and his resignation shall not be effective until the Court has

appointed a successor. The Receiver shall then follow such instructions as his successor or the

Court gives him in turning over custody and control of the assets of Allocation or of Additional

Clients.

     15.    Every ninety (90) days from the date of this Order, the Receiver shall file a Report

with the Court summarizing his activities, providing an accounting of the funds, assets and

property in his possession, and reporting on the status of any legal claims. The Receiver shall

also include in the Report an application to the Court for an order approving the payment of all

reasonable fees and expenses, as provided in paragraph 13. The Receiver shall serve a copy of

the Report on counsel for the Commission.

9

16.    Within forty-five (45) days of the completion of his duties pursuant to this Order, the Receiver shall file a Notice of Termination and Request for Discharge Order seeking discharge by the Court from his responsibilities as Receiver herein.  The Notice of Termination and Request for Discharge Order shall include a final report, summarizing all of the Receiver's activities, providing a final accounting of the funds, assets and property in his possession, and reporting on the final disposition of any legal claims.

17.    The provisions of this Order shall remain in full force and effect until further order of the Court.


**DONE AND ORDERED** this _18_ day of _Nov_, 2004.

_____
UNITED STATED DISTRICT JUDGE

10

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CA-04-12415-NG |
| | ) | |
| BRADFORD C. BLEIDT and | ) | |
| ALLOCATION PLUS ASSET MANAGEMENT | ) | |
| COMPANY, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION TO CLARIFY SCOPE OF ORDER APPOINTING RECEIVER

On Friday, November 12, 2004, Plaintiff Securities and Exchange Commission ("Commission") filed this emergency enforcement action against Defendants Bradford C. Bleidt and Allocation Plus Asset Management Company, Inc. ("Allocation"). Bleidt is the president of Allocation, a Boston-based investment adviser registered with the Commission. Among other things, the Commission's Complaint alleged that Bleidt had confessed – in a tape recording sent to the Commission's Boston District Office – to diverting millions of dollars of investor funds over the past 20 years. On the same day, November 12, the Court – acting through emergency Judge Richard G. Stearns – granted the Commission all of the relief it sought in its proposed Temporary Restraining Order, Order Freezing Assets and Order for Other Equitable Relief.

In addition, on November 18, 2004, the Court, acting through Judge Nancy Gertner, granted the Commission's proposed Order for Appointment of Receiver ("Order Appointing Receiver"). At the time that the Commission staff moved for the Order Appointing Receiver, it

only had evidence that Bleidt acted through Allocation in committing his fraud. The staff continues to believe that Bleidt's fraud was principally, if not wholly, committed through Allocation. Thus, in the staff's view, the November 18 Order Appointing Receiver may, and should be, read to allow the Receiver to reach all of the client assets which have thus far been identified by the staff as having been stolen by Bleidt, including those assets converted to Bleidt's personal use. However, in an abundance of caution, the Commission herein respectfully moves for an order to clarify that the appointed Receiver – David A. Vicinanzo of Nixon Peabody LLP – has the authority to identify and administer not only assets belonging to Allocation but also those personally belonging to Bleidt and to other entities which Bleidt owned, controlled or from which he personally benefitted (including, but not limited to, radio station WBIX, Financial Perspectives Planning Services, Inc., Financial Perspectives Management Company, FP Insurance Agency, Perspective Broadcasting, Inc., Shared Visions, Inc. and Langer Broadcasting Corporation). As such, the staff herein attaches, as **Exhibit A**, a revised Proposed Order for Appointment of Receiver that makes certain clarifying technical amendments to the November 18 Order Appointing Receiver. The staff has also attached hereto, as **Exhibit B**, a redlined version of the revised Proposed Order for Appointment of Receiver so as to make it easier for the Court to identify the specific clarifying technical amendments the staff respectfully requests.

Respectfully submitted,

/s/Silvestre A. Fontes
Silvestre A. Fontes
Senior Trial Counsel
(BBO # 627971)

Michele T. Perillo
Staff Attorney
(BBO #629343)

November 22, 2004

## Certificate of Service

I hereby certify that on November 22, 2004, I served a copy of Motion of Plaintiff Securities and Exchange Commission to Clarify Scope of Order Appointing Receiver on the following:

Via Fax and First Class Mail
Bradford C. Bleidt
26 Proctor Street
Manchester, MA 01944

Via First Class Mail
Allocation Plus Asset Management Company, Inc.
205 Portland Street
Boston, MA

Via Fax and First Class Mail
Grover S. Parnell, Jr., Esquire
Finneran & Nicholson, PC
77 North Washington Street
Boston, MA 02114

/s/ Silvestre A. Fontes

# EXHIBIT E

**Blue Cross/Blue Shield Insurance Explanation**

*Attached is a spreadsheet indicating the breakdown of health insurance premiums due to Blue Cross/Blue Shield to maintain health insurance retroactive to November 15, 2004 for former employees of FPPS, APAM, and Shared Visions. The following is an explanation of each column of the spreadsheet.*

FPPS, APAM, and Shared Vision Individuals: This column lists the name of each individual on the most recent invoice from BC/BS for the full month Nov. 15 – Dec. 14.

Rates: This is the amount of premiums shown as due for a full month for each individual on the BC/BS invoice. A negative amount is a credit for insurance of a previously terminated individual that was retroactively cancelled.

Credits: This column shows credits on premiums for individuals whose coverage was cancelled retroactively due to their termination in October.

Adjusted Rate: This column adjusts the invoice amount, which was a full month amount, to a lower amount to reflect the per day coverage through the date of employment termination.

EE AMT: This reflects the amount of employee contribution due, in accordance with the companies' policy of a 60/40% employer/employee cost-sharing on premiums. It is anticipated that these amounts would be withheld from compensation otherwise due the employees.

ER AMT: This column shows the employer portion of the premium for each individual who was an employee as of November 15.

COBRA: This column shows the cost of coverage for individuals previously covered either as active employees or family members of active employees, but whose status changed before November 15, 2004.

Potential COBRA: This column shows the amount of premium that employees must pay in order to have coverage effective for the balance of the month after their date of termination.

*At the bottom of the spreadsheet*, "Adjusted Rate" shows the aggregate dollar amount due to Blue Cross/Blue Shield in order to have coverage kept in force from November 15 through the date of employment termination.

"Less EE Portion" reflects the employee contribution amount that can be reduced from compensation otherwise due to employees.

"Less Radio ER" refers to portion that may be able to be recovered pursuant to the radio station agreement, but which will have to be paid in advance in order to maintain coverage.

"Less COBRA" refers to COBRA premiums due from individuals who had converted to COBRA continuation status before November 15.

BOS1444461.1

**Blue Cross Blue Shield**

Dates - 11/15/04 to 12/15/04

| | Rates | Credits | adjusted rate | EE Amt | ER Amt | Cobra | Potential Cobra |
|---|---|---|---|---|---|---|---|
| **FPPS Individuals** | | | | | | | |
| Richard Bertone | $ 335.95 | $ 660.72 | $ (324.77) | $ - | $ (324.77) | | cancelled |
| Douglas Billings | $ 881.20 | | $ - | | | | $ 881.20 |
| Bradford Bleidt | $ 881.20 | | $ - | | | | $ 881.20 |
| Denise Bleidt | $ 335.95 | | $ 335.95 | | | $ 335.95 | $ - |
| Taylor Bleidt | $ 335.95 | | $ 335.95 | | | $ 335.95 | $ - |
| Elaine Bonoma | $ 881.20 | | $ 646.21 | $ 258.49 | $ 387.73 | | $ 234.99 |
| Richard Bowen | $ 881.20 | | $ 646.21 | $ 258.49 | $ 387.73 | | $ 234.99 |
| George Bowen | $ 335.95 | | $ 246.36 | $ 98.55 | $ 147.82 | | $ 89.59 |
| Bruce Burgess | $ 881.20 | | $ 646.21 | $ 258.49 | $ 387.73 | | $ 234.99 |
| Charity Collier | $ 335.95 | | $ 335.95 | | | $ 335.95 | $ - |
| John Coyne | $ 881.20 | | $ 646.21 | $ 258.49 | $ 387.73 | | $ 234.99 |
| Karen Deigh | $ 335.95 | | $ 335.95 | | | $ 335.95 | $ - |
| Joseph Deluca | $ 881.20 | | $ 646.21 | $ 258.49 | $ 387.73 | | $ 234.99 |
| Paul DeNapoli | $ 2,153.39 | | $ 1,918.40 | $ 258.49 | $ 1,659.91 | | $ 234.99 |
| Dennis Doble | $ 335.95 | | $ 246.36 | $ 98.55 | $ 147.82 | | $ 89.59 |
| Steven Elfman | $ 2,467.27 | | $ 1,586.07 | $ - | $ 1,586.07 | | $ 881.20 |
| John Esperian | $ 881.20 | | $ - | $ - | $ - | | $ 881.20 |
| John Flynn | $ 881.20 | | $ 646.21 | $ 258.49 | $ 387.73 | | $ 234.99 |
| Nancy Foss | $ 335.95 | | $ 201.57 | $ 80.63 | $ 120.94 | | $ 134.38 |
| Elise Hannah | $ 335.95 | | $ 246.36 | $ 98.55 | $ 147.82 | | $ 89.59 |
| Michael Hatch | $ 335.95 | | $ - | $ - | $ - | | $ 335.95 |
| Richard Lebranti | $ (1,119.86) | | $ (1,119.86) | $ - | $ (1,119.86) | | cancelled |
| James McCarty | $ 881.20 | | $ 646.21 | $ 258.49 | $ 387.73 | | $ 234.99 |
| DeRoin Motah | $ 335.95 | | $ - | $ - | $ - | | $ 335.95 |
| Susana Ngan | $ 335.95 | | $ 335.95 | $ 134.38 | $ 201.57 | | $ - |
| Robert Pajak | $ 881.20 | | $ 646.21 | $ 258.49 | $ 387.73 | | $ 234.99 |
| Mark Pinardi | $ 881.20 | $ 1,321.80 | $ (440.60) | $ - | $ (440.60) | | cancelled |
| Amanda Ribeiro | $ 335.95 | | $ - | $ - | $ - | | $ 335.95 |
| Sonya Rosa | $ 335.95 | | $ 201.57 | $ 80.63 | $ 120.94 | | $ 134.38 |
| Thomas Scanlan | $ 335.95 | | $ 201.57 | $ 80.63 | $ 120.94 | | $ 134.38 |
| William Sharkey | $ 335.95 | | $ 246.36 | $ 98.55 | $ 147.82 | | $ 89.59 |
| Kevin Stoddard | $ 881.20 | | $ - | $ - | $ - | | $ 881.20 |
| Matthew Sweeney | $ 335.95 | | $ 246.36 | $ 98.55 | $ 147.82 | | $ 89.59 |
| | | | | | | | |
| **APAM Individuals** | | | | | | | |
| James Keefe | $ 881.20 | | $ 528.72 | $ 211.49 | $ 317.23 | | $ 352.48 |
| David Thomas | $ 335.95 | | $ 201.57 | $ 80.63 | $ 120.94 | | $ 134.38 |
| | | | | | | | |
| **Shared Vision Individuals** | | | | | | | |
| Christi Baratta | $ 881.20 | | $ 440.60 | $ 176.24 | $ 264.36 | | $ 440.60 |
| Chance Clutter | $ 335.95 | | $ 167.98 | $ 67.19 | $ 100.79 | | $ 167.98 |
| Maria Corpuz | $ 335.95 | | $ 167.98 | $ 67.19 | $ 100.79 | | $ 167.98 |
| Scott Couper | $ 335.95 | | $ 167.98 | $ 67.19 | $ 100.79 | | $ 167.98 |
| Jason Dumont | $ 335.95 | | $ 335.95 | | | $ 335.95 | $ - |
| Robert Floyd | $ 881.20 | | $ 440.60 | $ 176.24 | $ 264.36 | | $ 440.60 |
| Christopher Kelley | $ 881.20 | | $ 440.60 | $ 176.24 | $ 264.36 | | $ 440.60 |
| Trina Lorigan | $ 335.95 | | $ 335.95 | | | $ 335.95 | $ - |
| Jonathan Marable | $ 335.95 | | $ 167.98 | $ 67.19 | $ 100.79 | | $ 167.98 |
| Stephen McGrory | $ 881.20 | | $ 440.60 | $ 176.24 | $ 264.36 | | $ 440.60 |
| Mark Mills | $ 881.20 | | $ 440.60 | $ 176.24 | $ 264.36 | | $ 440.60 |
| Michael Ratty | $ 335.95 | | $ 167.98 | $ 67.19 | $ 100.79 | | $ 167.98 |
| Robert Robertson | $ 881.20 | | $ 440.60 | $ 176.24 | $ 264.36 | | $ 440.60 |
| Kim Roz | $ 335.95 | | $ 167.98 | $ 67.19 | $ 100.79 | | $ 167.98 |
| Howard Simpson | $ 335.95 | | $ 167.98 | $ 67.19 | $ 100.79 | | $ 167.98 |
| | $ 8,310.75 | | $ 4,491.33 | $ 1,527.77 | $ 2,291.66 | $ 671.90 | $ 3,819.43 |
| **TOTALS** | $ 30,195.45 | $ 1,982.52 | $ 15,526.84 | $ 5,015.25 | $ 8,495.89 | $ 2,015.70 | $ 12,686.09 |

Note:
With no other changes
Add potential cobra to total amount
due for those electing coverage
payable by employee

| | | |
|---|---|---|
| Adjusted rate | $ | 15,526.84 |
| less ee portion | $ | (5,015.25) |
| less radio er | $ | (2,291.66) |
| less cobra | $ | (2,015.70) |
| Amount due | $ | 6,204.23 |