# EXHIBIT A

BOS1445682.1

**APAM PAYROLL**
**11/4/04 to 12/07/04**

| Name | Last | Salary | |
|---|---|---|---|
| Dave | Thomas | $ 2,931.06 | Laid off 12/03/04 |
| James | Keefe | $ 7,936.97 | Laid off 12/03/04 |
| | | $ 10,868.03 | |

**FPPS Management Payroll**
**11/4/04 to 12/07/04**

| Name | Last | Salary | |
|---|---|---|---|
| Rich | Bertone | $ 7,827.61 | Laid off 12/07/04 |
| Doug | Billings | $ 4,087.12 | Laid off 11/15/04 |
| Victoria | Bonarrigo | $ 1,652.16 | Laid off 11/15/04 |
| John | Esperian | $ 1,385.67 | Laid off 11/15/04 |
| Nancy | Foss | $ 4,941.31 | Laid off 12/03/04 |
| Keith | Harris | $ 7,505.58 | Laid off 12/07/04 |
| Mike | Hatch | $ 1,536.42 | Laid off 11/15/04 |
| DeRoin | Motah | $ 1,380.48 | Laid off 11/15/04 |
| Amanda | Ribeiro | $ 728.00 | Laid off 11/15/04 |
| Sonya | Rosa | $ 2,162.00 | Laid off 12/03/04 |
| Jazmin | Vasquez | $ 855.75 | Laid off 11/15/04 |

$ 34,062.10

**FPPS PAYROLL**
**11/4/04 to 12/7/04**

| Name | Last | Salary | Commission | Commission Balance |
|---|---|---|---|---|
| Bonnie | Bleidt | $ - | $ 2,783.80 | $ - |
| Elaine | Bonoma | $ - | $ 1,000.00 | $ 15,547.33 |
| George | Bowen | $ - | $ 412.12 | $ - |
| Margaret | Bowen | $ 926.64 | $ - | |
| Richard | Bowen | $ - | $ 10,000.00 | $ 13,866.58 |
| Sean | Bradley | $ - | $ - | |
| Bruce | Burgess | $ - | $ 1,635.85 | $ - |
| John | Coyne | $ - | $ 2,500.00 | $ 16,296.75 |
| Joe | DeLuca | $ 8,223.95 | $ - | $ 28,456.60 |
| Fred | deNapoli | $ 250.00 | $ 4,976.61 | $ - |
| Dennis | Doble | $ - | $ 1,812.14 | $ - |
| Michael | Dull | $ - | $ - | $ - |
| Steven | Ellman | $ 2,113.81 | $ - | $ - |
| Anne | Esperian | $ 1,160.85 | $ - | $ - |
| Debbie | Foley | $ 740.25 | $ - | $ - |
| Mike | Garvan | $ - | $ - | $ - |
| Dan | Garza | $ - | $ - | $ - |
| John | Gregorio | $ - | $ 4,379.90 | $ - |
| James | Keefe | $ - | $ - | $ 76.15 |
| Dolores | Kong | $ 1,320.18 | $ 121.29 | $ - |
| Richard | LeBranti | $ - | $ 1,534.15 | $ - |
| James | McCarty | $ 7,074.55 | $ - | $ 3.60 |
| Joyce | Mills | $ - | $ - | $ 1,746.85 |
| Susana | Ngan | $ 5,976.92 | $ - | $ - |
| Robert | Pajak | $ - | $ - | $ - |
| Mark | Pinardi | $ - | $ - | $ 70.57 |
| Mike | Ratty | $ 1,795.36 | $ - | $ - |
| Thomas | Scanlan | $ 5,556.73 | $ - | $ - |
| Audrey | Searle | $ - | $ - | $ - |
| Brian | Vinargo | $ 1,320.18 | $ - | $ - |

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| SECURITIES AND EXCHANGE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CA-04-12415-NG |
| | ) | |
| vs. | ) | |
| | ) | |
| BRADFORD C. BLEIDT and | ) | |
| ALLOCATION PLUS ASSET MANAGEMENT | ) | |
| COMPANY, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**STIPULATION BETWEEN THE RECEIVER AND FLEET**
**NATIONAL BANK CONCERNING CERTAIN DEPOSIT ACCOUNTS**

**THIS STIPULATION**, entered into this _____ day of December, 2004, is by and

between David A. Vicinanzo, the duly-appointed Receiver in the above-captioned case and Fleet

National Bank, a successor to First National Bank of Boston ("Fleet").

**WHEREAS**, the Receiver and the SEC assert that Bradford C. Bleidt ("Bleidt") was the

President and sole stockholder of Allocation Plus Asset Management Company, Inc. ("APAM")

and the President and a principal shareholder of Financial Perspective Planning Services, Inc.

("FPPS");

**WHEREAS**, the Receiver and the SEC assert that APAM was, according to its Form

ADV, a registered investment adviser that provided investment advisory services through

investment advisory representatives, most of whom were also financial planners with FPPS.

**WHEREAS**, the Receiver and the SEC assert that Bleidt maintained the following

accounts at Fleet (the "Bleidt Accounts") bearing the following account numbers: 0003735281;

0003735281; 0077052881; 0103735281; and 177052881.

- 2 -

**WHEREAS**, on or about March 11, 1999, FPPS executed and delivered to Fleet a Business Focus Loan Agreement.

**WHEREAS**, to secure its obligations to Fleet under the Business Focus Loan Agreement, FPPS granted Fleet a security interest covering certain assets, including its accounts.

**WHEREAS**, on July 12, 1996 Fleet filed a UCC 1 financing statement covering FPPS "Inventory Chattel Paper, Accounts, Equipment general Intangibles and Fixtures" (the FPPS Financing Statement") with the Secretary of State for the Commonwealth of Massachusetts (the "Secretary of State").

**WHEREAS**, on or about March 23, 2001 Fleet filed a continuation statement with the Secretary of State in connection with its financing statement covering FPPS assets.

**WHEREAS**, the Receiver and the SEC assert that FPPS maintained the following deposit accounts with Fleet (the "FPPS Accounts") bearing the following account numbers: 0050292919; 0055247296; 0055247348; and 0155247348.

**WHEREAS**, on or about November 4, 1996, Allocation executed and delivered to Fleet a Business Focus Promissory Note in the original principal amount of $35,000.

**WHEREAS**, to secure its obligations to Fleet under the Business Focus Promissory Note, Allocation granted to Fleet a security interest covering certain assets, including its accounts.

**WHEREAS**, on or about December 10, 1996 Fleet filed a UCC-1 financing statement covering APAM's "Inventory, Chattel Paper, Accounts, Equipment, general Intangibles and Fixtures" (the "APAM Financing Statement") with the Secretary of State.

- 3 -

**WHEREAS**, on or about August 2, 2001, Fleet filed a continuation statement with the Secretary of State in connection with the APAM Financing Statement.

**WHEREAS**, the Receiver and the SEC assert that on or about November 11, 2004 in, among other things, a tape provided to the Securities and Exchange Commission (the "SEC"), Bleidt admitted that he defrauded FPPS and/or APAM investment advisory clients of millions of dollars and diverted investor funds into a personal account at Sovereign Bank.

**WHEREAS**, the Receiver and the SEC assert that in response on November 12, 2004 the SEC filed a Complaint for Injunctive and Other Relief with this Court and commenced the above-captioned civil action.

**WHEREAS**, the Receiver and the SEC assert that on November 12, 2004, the Court entered a Temporary Restraining Order, Order Freezing Assets and Order for the Other Equitable Relief (the "TRO") and by order dated November 17, 2004 the TRO was extended to December 2, 2004.

**WHEREAS**, the Receiver and the SEC assert that on November 18, 2004, the Court entered an order appointing the Receiver and on November 22, 2004, the Court (Stearns, J.) granted the SEC's Motion to Clarify the Scope of Order Appointing Receiver (the November 18, 2004 appointment order as clarified by the Court's November 22, 2004 order, the "Appointment Order").

**WHEREAS**, the Receiver and the SEC assert that on December 2, 2004 the Court entered a Preliminary Injunction, Order Freezing Assets and Order for Other Equitable Relief (the "Preliminary Injunction").

**WHEREAS**, the Receiver and the SEC asset that pursuant to the Preliminary Injunction all funds in each of the Bleidt, FPPS, and APAM Accounts were frozen and Fleet was enjoined

BOS1448167.2

from withdrawing, removing, selling, paying, transferring, dissipating, assigning, pledging,

alienating, encumbering, diminishing in value or otherwise disposing of any such funds.

     **WHEREAS**, the Receiver and the SEC assert that pursuant to the terms of the

Appointment Order the Receiver is, among other things, authorized, empowered and directed to

take and retain immediate possession, custody and control of the funds, assets and property of

Bleidt, APAM and FPPS.

     **WHEREAS**, the Receiver and the SEC assert that pursuant to the terms of the

Appointment Order the Receiver is authorized, empowered and directed to institute, prosecute,

defend and compromise, legal or equitable actions, claims or proceedings as the Receiver deems

necessary and appropriate to carry out the Receiver's mandate in accordance with the

Appointment Order.

     **WHEREAS**, the Receiver and the SEC assert that pursuant to the terms of the

Appointment Order the Receiver is authorized, empowered and directed to make or authorize

such payments and disbursements from the funds and assets taken into control or thereafter

received by him, engage in or authorize such transactions and make or authorize the making of

such agreements, as the Receiver deems necessary and appropriate to carry out the Receiver's

mandate pursuant to the Appointment Order.

     **WHEREAS**, the Receiver and the SEC assert that on or about December 8, 2004 the

Receiver terminated all but one of APAM and FPPS's employees.

     **WHEREAS**, the Receiver and the SEC assert that the Receiver retained that employee so

that COBRA coverage for all former employees could continue.

- 5 -

**WHEREAS**, the Receiver and the SEC assert that the Receiver also retained three other

former APAM and/or FPPS employees on an hourly, as-needed basis to assist with the wind up

of APAM, FPPS and certain other related entities.

**WHEREAS**, on December 15, 2004 Fleet filed a motion (the "Set-Off Motion") seeking

relief from the preliminary injunction to set-off against monies held in the following APAM and

FPPS deposit accounts:

| Account Holders | Account # |
|---|---|
| Allocation Plus Asset Management Company, Inc. | 005524737 |
| Financial Perspectives Planning Services, Inc. | 0050292819 |
| Financial Perspectives Planning Services, Inc. | 005247296 |

**WHEREAS**, in its Set-Off Motion Fleet represented that as of December 6, 2004, the

monies on deposit in the FPPS Accounts bearing account numbers 0050292819 and 0055247296

totaled $89,846.66 and the indebtedness due to Fleet from FPPS was $99,932.46.

**WHEREAS**, in its Set-Off Motion Fleet represented that as of December 6, 2004, the

monies on deposit in the APAM Account numbered 00552478377 totaled $4,863.00 and the

indebtedness due to Fleet from APAM was $35,269.55.

**WHEREAS**, on December 15, 2004, the SEC and the Receiver filed a Joint Expedited

Motion of Receiver David A. Vicinanzo and the United States Securities & Exchange

Commission for Order Transferring Funds to Receiver for Prompt Payment of Employee

Wages("Joint Motion") seeking an order compelling Fleet and other financial institutions to turn

over funds held in Bleidt, APAM and FPPS Accounts and to authorize the payment of those

- 6 -

funds to satisfy accrued wages due to 35 employees of APAM, FPPS and a related Bleidt entity, FPPS Management, Inc.

**WHEREAS**, the Receiver disputes Fleet's right to set off against Bleidt, APAM and FPPS accounts.

**WHEREAS**, since the filing of the Set-Off Motion, the Receiver has provided Fleet with a schedule which identifies FPPS computer hardware, computer software, fixtures and furniture and other assets covered by Fleet's financing statement.

**WHEREAS**, Fleet recognizes the Receiver's desire to pay the employee wages, benefits and taxes, and has agreed to release its claims to said funds in accordance with the terms of the within Stipulation.

**NOW, THEREFORE**, the Receiver and Fleet, subject only to the approval of this Count hereby **STIPULATE AND AGREE** as follows:

1.      The foregoing recitals are a material part of this Stipulation and are incorporated herein by reference.

2.      The within Stipulation resolves any and all issues and disputes by and among Fleet, the Receiver and/or the SEC with respect to the accounts specifically identified in the Setoff Motion and Joint Motion.

3.      Fleet represents that prior to the appointment of the Receiver it advanced not less than $99,932.46 to FPPS and not less than $35,269.55 to APAM.

4.      Fleet further represents that the net monies on deposit in the APAM, Bleidt and FPPS Accounts total $97,005.88.

5.      Fleet will turn over and pay to the Receiver the net funds in deposit accounts standing in the name of Allocation Plus Asset Management, Allocation Plus Asset Management,

BOS1448167.2

- 7 -

Inc., Bradford C. Bleidt and Financial Perspectives Planning Services, Inc. which total

$97,005.88 to the Receiver.

6.      Upon receipt of such funds, the Receiver shall promptly, to the extent that funds

are available, pay the employee wages identified with <u>Exhibit A</u> of this Stipulation and use the

remainder of such funds, if any, to pay other employee wages, benefits and taxes, as well as,

other expenses of the receivership estate in accordance with the orders of this Court.

7.      The Receiver hereby acknowledges that as of December 6, 2004 FPPS owed Fleet

$99,932.46 and APAM owed Fleet $35,269.55.

8.      The Receiver further acknowledges that Fleet has a valid perfected security

interest in the equipment, inventory and accounts covered by the FPPS and APAM Statements.

9.      The Stipulation and any obligations hereunder are subject to approval of the

Court.  In the event the Court does not approve the Stipulation, nothing contained herein will be

deemed an admission by the Receiver or Fleet.

10.     This Stipulation may be executed in counterparts.  This stipulation may be

executed by facsimile and any facsimile signature shall be binding and have the same legal effect

as the original.

11.     Each of the undersigned represents and warrants that he or she is a duly

authorized representative of the party for which the signature is provided, and that such person

signing is specifically authorized to sign this Stipulation, and that said signature, which is made

under legal seal shall lawfully bind said party subject only to Court approval.

BOS1448167.2

- 8 -

DAVID A. VICINANZO, RECEIVER
FOR ALLOCATION PLUS ASSET
MANAGEMENT COMPANY, INC. AND
ITS CLIENTS

By his attorneys,


/s/ Francis C. Morrissey_____
Kevin Fitzgerald (Pro Hac Vice Motion Pending)
Steven Fuller (BBO#630716)
Francis C. Morrissey (BBO#567589)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
617-345-1000
Dated: December 23, 2004

FLEET NATIONAL BANK

By its attorneys,


/s/ Richard L. Gemma (FCM with permission)
Richard L. Gemma (BBO#553880)
MacAdams & Wieck, Inc.
101 Dyer Street, Suite 400
Providence, RI 02903
(401) 454-8700
(410) 454-8755
Dated: December 23, 2004


SECURITIES AND EXCHANGE
COMMISSION

By its attorneys,


/s/ Michele T. Perillo (FCM with permission)
Michele T. Perillo (BBO #629343)
Securities and Exchange Commission
73 Tremont Street, Suite 600
Boston, MA  02108
(617) 573-8991
Dated: December 23, 2004


APPROVED AS AN ORDER OF THE COURT:


_____
Hon. Nancy Gertner
United States District Court Judge