UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) | |
| Plaintiff, | ) | 04-12415 NG |
| V. | ) | |
| BRADFORD C. BLEIDT and ALLOCATION PLUS ASSET MANAGEMENT COMPANY, INC. | ) | |
| Defendants. | ) | |

**MOTION FOR FUNDS**

Now comes, undersigned counsel in his limited appearance to seek guidance and a ruling on the motion before the Court. Counsel has been approached by the defendant, Bradford Bleidt, ("Bleidt") to represent him in the civil matter presently before this Court. Prior to this, statements were allegedly made by Bleidt to the officials of the Securities and Exchange Commission ("SEC"), via tape recordings. Extensive and expedited discovery has been allowed per the Temporary Restraining Order and with the aid of the appointed receiver Nixon Peabody, LLP ("Receiver Nixon"). After numerous conferences with Mr. Bleidt, he wishes to cooperate with the SEC, Receiver Nixon and other authorities, under information and belief, he has expressed the same desire in Court.

Thus far the SEC with the aid of the Receiver Nixon has frozen all the assets of Mr. Bleidt. This has left him with no ability to hire an attorney for the defense in this present civil case before the Court. It has been shown in Court documents that the

Receiver has spent, under information and belief, approximately 180 hours to date reviewing the material and potential evidence in this case. Continued discovery will indefinitely be needed by the SEC in its quest for evidence.

It is believed that with the cooperation of Mr. Bleidt, the expenses could be capped or reduced in this process. Additionally, the aid of an attorney(s) will attempt to safeguard his Constitutional Rights with ongoing negotiations with his criminal attorney and the parties to this lawsuit. In preliminary discussions with the SEC as to their desired outcome, the defendant, Mr. Bleidt is of the same mind set to bring an end to this as effectively and as efficiently as possible.

It is understood that the SEC and Receiver Nixon will appose this motion as will all potential victims in this matter. It is further understood that if this matter were in United States Bankruptcy Court, funds would be made available for the defendant to afford an attorney for his representation. Mr. Bleidt, requests a similar yet novel approach in this most bizarre case. "Congress intended bankruptcy attorneys to be compensated at the same level as other attorneys in the community handling non bankruptcy matters of similar difficulty" In re Boddy, 950 F.2d 334 (6th Cir. 1991) citing George Schumann Tire & Battery Co., 908 F.2d 874 (11th Cir. 1990). The present case is very similar to a Chapter 11 or 13 cases in Bankruptcy Court, all though it is presently not in bankruptcy court. All assets have been seized and control of the Receiver Nixon under the authority of the Court, in essence the Estate, for purposes and benefit of victims or creditors. It is in the "spirit of economy" that previous case law, In re Beverly Crest Convalescent Hop., Inc. 548 F.2d 817 (9th Cir. 1977); In re Paramount Merrick, Inc., 252 F.2d 482, 485 (2d Cir. 1958); and 124 Cong. Rec. H11091-2 (daily ed. Sept. 28, 1978)

(statement of Rep. Don Edwards); H.R. Rep. No. 595, 95th Cong., 1st Sess. 329-30 (1977).  The policy of the Code is to encourage quality representation in bankruptcy by allowing fees which will attract competent practitioners.

The fees are typically, classified as administrative expenses entitled to priority under 11 U.S.C. § 507 (a)(1), this usually means that fees will be paid before most other creditors receive payment, 11 U.S.C. § 1322(a)(2); In re Shorb, 101 B.R. 185 (B.A.P. 9th Cir. 1989); In re Parker, 21 B.R. 692 (E.D. Tenn. 1982), aff'g 15 B.R. 980 (Bankr. E.D. Tenn. 1981), stating that attorney fees may be paid prior to or concurrently with secured and unsecured claims.  Additionally, Under Code section 330(a)(4)(B), added by the 1994 amendments, services which are compensable as administrative expenses in a chapter 12 or chapter 13 case include not only services which benefit the bankruptcy estate, but also services necessary for representing the debtor's interest in connection with the bankruptcy case, based on consideration of the benefit and necessity of such services to the debtor.  This language would encompass even services outside the bankruptcy court if those services were necessary to successful completion of the case.  The test laid out in section 330(a)(4)(B) seems to be efficient and exacting to this novel case before the Court.

The Court has numerous other methods to award or offer attorney's fees, *See generally* Newberg, Attorney Fee Awards (1986); E. Lar-Derfner and A. Wolf, Court Awarded Attorney fees (1984).  In litigation against the federal government, and I do not at this times suggest the stance that has been taken by the Government is at all not "substantially justified", that the Supreme Court has held that more than good faith is necessary for the government to meet this test; a position that is "justified in substance or

3

in the main," "having a reasonable basis both in law and in fact" is required. Pierce v. Underwood, 487 U.S. 552, 108 S. Ct. 2541, 101 L. Ed. 2d 490, 504 (1988). Has invoked the Equal Access to Justice Act, 28 U.S.C. § 2412, *inter alia,* provides for attorney fees when the federal government takes a position, before or during litigation, that is not "substantially justified." 28 U.S.C. § 2412(d). See Dougherty v. Lehman, 711 F.2d 555 (3d Cir. 1983). Similar fee provision apply to litigation with the Internal Revenue Services, 26 U.S.C.§ 7430. *See* In re Yochum, 89 F.3d 661 (9th Cir. 1996) (bankruptcy court was "court of the United States" with authority to award fees under 26 U.S.C. § 7430); In re Brickell Inv. Corp., 922 F.2d 696 (11th Cir. 1991) (bankruptcy court not a "court of the United States" for purposes of awarding fees under Internal Revenue Code §7430, 26 U.S.C. § 7430; however, party may seek fees under this section by following procedures for non-core proceedings to obtain judgment of the district court.

      Suffice it to say that Mr. Bleidt does not have a bevy of attorneys pounding down the door to aid him in this matter. It is through Mr. Bleidt's desire to cooperate and with this cooperation a great savings to the estate or the benefit of the potential victims that this motion is made. At this point, without the benefit of discovery and pre trial motions, it appears that this case revolves around determining a final accounting of all funds, all victims and an accounting of all assets over a potential twenty year period.

      If allowed to continue in this case I have secured three (3) additional attorneys with vast experience in discovery, Federal matters and trial advocacy to ferret out the issues, if necessary litigate contested matters and see if this matter can be resolved in the interest of justice.

4

To date, approximately two hundred ($200,000) dollars has been seized, undetermined amount of assets have been frozen, a radio station valued between 6 to 14 million dollars has been frozen.  This is not a case of no recovery, but a case of maximizing the return of assets and prompt adjudication of justice.

All attorney's are willing to reduce their fees to a stated rate of one hundred fifty ($150.00) dollars per hour, to be reviewed by the Court.  All hours will be documented and available for review.  Discovery is still being evaluated and is largely driven by the desires of the Government, what has been alleged is that approximately 140 victims have been unearthed and without adequate assurances of compensation no attorney would willing subject themselves to potentially 140 separate depositions with preparation time and deposition costs.  It is hoped that with the cooperation of Mr. Bleidt, this number will be whittled down to only those urgently needed for his defense and for the Government.

Wherefore, counsel in his limited appearance, on behalf of Mr. Bleidt, respectfully request a hearing on this matter, so that the Court can rule on the proposed allowance of funds for the defense of the Mr. Bleidt in this present civil matter.

    Respectfully submitted,
    Bradford Bleidt,
    His attorneys (limited)

    /s/ Gregory D. Oberhauser, Esq.
    BBO No. 642209
    10 George St., Suite 220
    Lowell, MA 01852
    978.452.1116
    978.452.8199-Fax