UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                                    )
SECURITIES AND EXCHANGE COMMISSION,   )
                                                                    )
         Plaintiff,                                 )
    v.                                                         )   Case No. CA-04-12415-NG
                                                                    )
BRADFORD C. BLEIDT and                            )
ALLOCATION PLUS ASSET MANAGEMENT  )
COMPANY, INC.                                            )
                                                                    )
                                                                    )
         Defendants.                           )
_____)

**JOINT OPPOSITION OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION
AND RECEIVER TO DEFENDANT BLEIDT'S MOTION FOR FUNDS**

      Plaintiff Securities and Exchange Commission (the "Commission") and Receiver David A. Vicinanzo (the "Receiver") respectfully submit this memorandum in opposition to the motion by Defendant Bradford C. Bleidt ("Bleidt") to modify the Court's existing asset freeze order to allow for the payment of attorneys' fees to Gregory D. Oberhauser to represent Bleidt in this action.

## BACKGROUND

*Orders Freezing Assets*

      On November 12, 2004, the Commission filed this emergency enforcement action against Bleidt and his company Allocation Plus Asset Management Company, Inc. On the same day, the Court – acting through emergency Judge Richard G. Stearns – granted the Commission all of the relief it sought in its proposed Temporary Restraining Order, Order Freezing Assets and Order for Other Equitable Relief. This Court extended the asset freeze order on November 17, 2004

and again on December 2, 2004, issuing its Preliminary Injunction, Order Freezing Assets and Order for Other Equitable Relief.

On January 18, 2005, at a status conference, the Court inquired as to the status of representation for Bleidt and set a further conference date of February 17, 2005. On February 17, Bleidt informed the court that he believed he had retained Gregory Oberhauser. The Court directed Commission counsel to contact Mr. Oberhauser to confirm his representation and to submit a proposed discovery schedule. Despite several telephone calls to Mr. Oberhauser since February 17, his status remained unclear until the filing of the instant motion.

*Bleidt's Admissions of Investor Monies Stolen*

Bleidt has admitted, in a tape received by the Commission on November 12, 2004, that he stole tens of millions of dollars of investor monies. See Declaration of Mark Gera, December 1, 2004, at ¶ 3. In stark contrast to that number, the Receiver has located liquid personal assets of Bleidt in an amount less than $2000. While Bleidt apparently does not appreciate the distinction between personal funds and corporate funds, the balance of the frozen assets to which Bleidt seeks access stand not in his name, but in the name of the corporate entities with which he was associated and which are now in receivership. Even if assets of these entities were considered here, which they should not be, there is no question that investor losses still far exceed those assets as well. This comports with further statements of Bleidt on tapes sent to other parties in November 2004 that the stolen investor monies had been substantially dissipated. See Declaration of Mark Gera, December 1, 2004, Exhibit F.

## ARGUMENT

Defendant Bleidt should not be permitted to use defrauded investors' funds to pay his defense costs in this case. As the Court recognized in freezing the assets of the defendants, those funds, to the extent they remain at all, should be preserved to satisfy disgorgement, penalty, and prejudgment interest liabilities which may be imposed at the conclusion of this matter. See Int'l Controls Corp. v. Vesco, 490 F.2d 1334, 1347 (2d Cir.), cert. denied, 417 U.S. 932 (1974); SEC v. General Refractories, Co., 400 F. Supp. 1248 (D.D.C. 1975); SEC v. Current Financial Services, Inc., 783 F. Supp. 1441 (D.D.C. 1992). In SEC v. Bremont, 954 F. Supp. 726, 733 (S.D.N.Y. 1997), citing SEC v. Quinn, 997 F.2d 287, 289 (7th Cir. 1993), the Court stated:

> Just as a bank robber cannot use the loot to wage the best defense money can buy, so a swindler in securities markets cannot use the victims' assets to hire counsel who will help him retain the gleanings of crime .... Until such time as the Court can determine whether the frozen assets exceed the SEC's request for [monetary relief], defendants will not be permitted to use any of the frozen assets.

Similarly, Judge Wood wrote, in SEC v. Coates, 1994 U.S. Dist. LEXIS 11787, at *7 (S.D.N.Y. 1994), denying a motion to modify a freeze to allow payment of living expenses and attorneys' fees: "A defendant is not entitled to foot his legal bill with funds that are tainted by his fraud." Granting relief from the freeze, Judge Wood found, "would not serve the interests of the allegedly defrauded investors." Id. at *14. There, a civil asset freeze prevented the defendant from obtaining counsel in the related criminal case.

The law on this issue is well-settled. Thus, the Seventh Circuit held:

> Parties to litigation usually may spend their resources as they please to retain counsel. "Their" resources is a vital qualifier. Just as a

-3-

> bank robber cannot use the loot to wage the best defense money can
> buy, so a swindler in securities markets cannot use the victims'
> assets to hire counsel who will help him retain the gleanings of crime.

SEC v. Quinn, 997 F.2d 287, 289 (7th Cir. 1993) (citations omitted); see also SEC v. Cherif, 933 F.2d 403, 417 (7th Cir. 1991), modified, 1991 U.S. App. LEXIS 11439 (7th Cir.), cert. denied, 502 U.S. 1071 (1992); see United States v. Monsanto, 491 U.S. 600 (1989); Caplin & Drysdale, Chartered v. United States, 491 U.S. 617 (1989).[1]

In fact, this rule applies even in criminal cases, where – unlike this civil enforcement action – a defendant enjoys a Sixth Amendment right to counsel. The Supreme Court held, in Caplin & Drysdale and Monsanto, that a defendant had no right to use frozen assets for attorneys' fees to defend against a criminal proceeding seeking forfeiture of money and property derived from drug law violations. In Caplin & Drysdale, the Court held no Sixth Amendment right to counsel was implicated by the district court's refusal to release forfeited funds to allow a criminal defendant to pay attorneys' fees. In Monsanto, the Court held a defendant's assets may be frozen

---

[1] Despite this well-settled law, Bleidt curiously cites no case applicable to asset freezes in Commission enforcement actions; the cases he cites, dealing only with bankruptcy proceedings, are inapposite. The receivership being administered in this case is not comparable to a Chapter 7 or Chapter 13 case, where an "unfortunate but honest debtor" attempts to rehabilitate his financial affairs. Instead, it is best likened to an involuntary Chapter 7 case where a debtor's assets are preserved and liquidated for the benefit of his creditors. In Chapter 7 cases, debtor's counsel, in contrast with counsel to the trustee, is generally not compensated from estate assets. See, e.g., In re Waxman, 148 B.R. 178, 182 (Bankr. E.D.N.Y. 1992) ("[A] Chapter 7 debtor's counsel must look to the debtor's exempt property and post-petition earnings to be compensated for . . . services which benefit the debtor personally but that do not benefit the estate.") (internal citation and quotation omitted.) Moreover, any payment of fees in a bankruptcy case is conditioned on debtor's counsel timely filing an application requesting the payment of specific fees for services already rendered and specific approval of the payment of those accrued fees by the bankruptcy court. See 11 U.S.C. § 330, Fed. R. Bankr. P. 2016.

before conviction based on a finding of probable cause to believe the assets are forfeitable. 491 U.S. at 612-616. As the Ninth Circuit wrote, in FTC v. World Wide Factors, Ltd., 882 F.2d 344, 347 (9th Cir. 1989), Caplin & Drysdale and Monsanto resolved any doubt as to the constitutionality of freezing assets and precluding entirely their use for attorneys' fees in a civil case.

In this case, it is clear that Bleidt's frozen assets are minuscule compared to the amount that investors have lost. By Bleidt's own admission, he spent all or nearly all of the investor assets that he stole. Bleidt appears to argue that the defrauded investors may benefit from Mr. Oberhauser's representation, in that an attorney purportedly would facilitate cooperation with the Commission and "expenses could be capped or reduced in the process." Motion for Funds at 2. Such a benefit is remote at best, for two reasons. First, while the Commission and the Receiver would welcome cooperation by Bleidt, the motion fails to state whether Mr. Oberhauser has coordinated with Bleidt's criminal defense attorney, who may well advise against any such cooperation. Second, even if cooperation could be effected, the reductions in "expenses" would be minor, given that the Commission already has been investigating the matter, and the Receiver attempting to marshal assets, for over four months.[2]

Here, where the possible benefit to investors from a modification of the asset freeze order is slim, and investor losses far exceed Bleidt's frozen assets, it is essential that the total asset freeze remains in force.

---

[2] Perhaps the same "benefits" could be realized were Bleidt to secure *pro bono* legal representation, an alternative apparently not explored here.

**CONCLUSION**

For the foregoing reasons, the Commission and the Receiver respectfully request that the Court deny Bleidt's motion to modify the asset freeze to allow him to pay attorneys' fees for his defense in this action.

    Respectfully submitted,

    SECURITIES AND EXCHANGE COMMISSION

    /s/ Silvestre A. Fontes
    Silvestre A. Fontes (BBO #627971)
    Senior Trial Counsel

    Michele T. Perillo (BBO #629343)
    Senior Counsel

    Securities and Exchange Commission
    73 Tremont St., 6th Floor
    Boston, MA 02108
    (617) 573-8991
    Fax: (617) 424-5940
    Email: fontess@sec.gov

    DAVID A. VICINANZO, RECEIVER

    /s/ Kevin Fitzgerald

    Kevin Fitzgerald (admitted pro hac vice)
    Steven Fuller (BBO #550224)
    Francis C. Morrissey (BBO #567589)
    Nixon Peabody LLP
    100 Summer Street
    Boston, MA  02110
    (617) 345-1000

March 28, 2005

## Certificate of Service

      I hereby certify that on March 28, 2005, I served a copy of Joint Opposition of Plaintiff Securities and Exchange Commission and the Receiver to Defendant Bleidt's Motion for Funds on the following:

Via First Class Mail
Gregory D. Oberhauser
10 George Street
Suite 220
Lowell, MA 01852

Via First Class Mail
ECCF
Bradford C. Bleidt
Unit 240D Room 841
P.O. Box 847
Middleton, MA 01949

Via First Class Mail
Allocation Plus Asset Management Co., Inc
c/o David Vicinanzo, Esq.
Kevin Fitzgerald, Esq.
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110-2131


                /s/ Silvestre A. Fontes