

# NIXON PEABODY LLP
ATTORNEYS AT LAW

100 Summer Street
Boston, Massachusetts 02110-2131
(617) 345-1000
Fax: (617) 345-1300

Francis C. Morrissey
Direct Dial: (617) 345-6158
E-Mail: lharrington@nixonpeabody.com

May 16, 2005

Clerk
United States District Court
 For the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

    RE:    *SEC v. Bleidt, et al.*
             Civil Action No. 04-12415-NG

Dear Sir/Madam:

    In accordance with the Court's bench order on May 12, 2005, enclosed please find a draft form of Order overruling the Securities and Exchange Commission's (the "Commission") and the Receiver's objection to Defendant Bradford C. Bleidt's ("Bleidt") Motion for Funds (the "Funds Motion"). As set forth on the record at the hearing on May 12, 2005, this draft form of Order is submitted at the request of the Court and without waiver of the Commissioner's and the Receiver's objection to all of the relief sought in the Funds Motion. Finally, counsel to Bleidt, Gregory Oberhauser, has reviewed the attached draft Order but does NOT agree to its terms.

    Please do not hesitate to contact me should you have any questions or concerns about the draft Order or otherwise.

    Thank you for your assistance in this matter.

                                Very truly yours,

                                Francis C. Morrissey

FCM/pkd
Enclosure

cc:    Gregory Oberhauser, Esquire
        Linda Bridgman, Esquire
        Silvestre A. Fontes, Esquire
        Michelle Perillo, Esquire

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BRADFORD C. BLEIDT and )<br>ALLOCATION PLUS ASSET MANAGEMENT )<br>COMPANY, INC. )<br>)<br>Defendants. )<br>) | Case No. CA-04-12415-NG |

**DRAFT FORM OF ORDER CONCERNING PAYMENT OF DEFENDANT
BRADFORD C. BLEIDT'S COUNSEL FEES AND EXPENSES FROM ESTATE ASSETS**

Upon consideration of Defendant Bradford C. Bleidt's ("Bleidt") Motion for Funds (the "Funds Motion") and all objections to approval of the Funds Motion being overruled;

THE COURT HEREBY FINDS AND DETERMINES THAT:

A.   Prior to the commencement of the above-captioned civil action, Allocation Plus Asset Management ("APAM") was an investment advisory and asset management firm and Financial Planning Perspective Services, Inc. ("FPPS") was an investment advisory firm specializing in financial planning. F.P. Insurance Agency, Financial Perspectives Management Company, Perspective Broadcasting Inc. and Shared Visions, Inc. (these six entities hereinafter referred to collectively as, the "Receivership Entities") were affiliates of APAM and FPPS. At the time this action was commenced, Bleidt was the Director, President, Treasurer and sole shareholder of APAM and the Chief Executive Officer and the majority shareholder of FPPS.

B.   On November 12, 2004, the Securities and Exchange Commission (the "Commission") commenced this civil action against Bleidt and APAM. In its Complaint, the

BOS1492781.3

Commission alleges that Bleidt defrauded his and APAM's investment advisory clients out of millions of dollars. On the same day, the Court, acting through Emergency Judge Richard G. Stearns, entered a Temporary Restraining Order Freezing Assets and Order for other Equitable Relief (the "TRO"). The TRO, among other things, froze Bleidt's assets and enjoined banks, brokerages, financial institutions and other persons from transferring funds or other assets held in the name of Bleidt and/or APAM. Subsequently, on November 17, 2004, the undersigned, being permanently assigned to this matter, issued an electronic order extending the TRO to December 2, 2004.

      C.      Shortly thereafter, on November 18, 2004, the Court entered an order (the "Appointment Order") appointing David A. Vicinanzo as Receiver in this civil action and directing the Receiver to, among other things:

> [t]ake and retain immediate possession, custody and control of the funds, assets and property of Bleidt, Allocation, its clients' accounts (the "Allocation Client Accounts"), and of the funds, assets and property of all other entities which Bleidt either owed, controlled or benefited from (including, but not limited to, radio station WBIX, Financial Perspectives Planning Services, Inc., Financial Perspectives Management Company, F.P. Insurance Agency, Perspective Broadcasting, Inc., Shared Visions, Inc. and Langer Broadcasting Corporation), wherever situated.

      D.      On November 19, 2004, the United States commenced a criminal action against Bleidt styled USA v. Bleidt, Criminal Action No. 04-0027–JLA–ALL (the "Criminal Action"). On the same day, Bleidt was arrested and continues to be held in federal custody. Bleidt is represented by counsel in the Criminal Action.

      E.      On December 2, 2004, the Court conducted a hearing on the Commission's Motion for a Preliminary Injunction, Order Freezing Assets and Order for Other Equitable Relief. Bleidt, appearing pro se, was present at the hearing and had an opportunity to be heard.

F.  At the December 2, 2004 hearing, the Court found that the Commission had made a proper prima facie showing in support of its motion for preliminary injunction. Specifically, the Court found that "[a] preliminary injunction is appropriate as there is a) a strong likelihood of success on the merits; and b) a strong showing of irreparable harm."

G.  The Court, accordingly, entered a Preliminary Injunction, Order Freezing Assets and Order for Other Equitable Relief (the "Preliminary Injunction").

H.  In accordance with the Appointment Order, the Receiver is holding funds in the amount of $3,920.94 from accounts held in the name of "Bradford C. Bleidt" (the "Bleidt Funds") prior to the commencement of this case. The Bleidt Funds consist principally of refunds the Receiver has obtained from companies who issued credit cards to Bleidt prior to the commencement of this action. In addition, the Receiver is holding certain unliquidated personal property of Bleidt which the Receiver estimates is worth approximately $10,000.

I.  On March 21, 2005, Bleidt filed the Funds Motion seeking an order that his counsel's fees and expenses in this case be paid from all assets held by the Receiver. In the Funds Motion, Bleidt further represented that his counsel had agreed to limit his compensation to $150 per hour and that all compensation paid to his counsel would be subject to prior review and approval by the Court.

J.  On March 28, 2005, both the Commission and the Receiver timely opposed the Funds Motion on the grounds that the funds and assets held by the Receiver constitute the proceeds of Bleidt's fraud and may not properly be used to defend that fraud in this action.

K.  On May 6, 2005, the Court entered an electronic order overruling the Commission's and the Receiver's opposition and allowing the Funds Motion.

L.  In response, on May 11, 2005, the Commission and the Receiver filed a motion seeking reconsideration of the Court's May 6, 2005 order on the Funds Motion. Alternatively, and without waiving objections to the Funds Motion, the Commission and the Receiver sought an order clarifying the Court's previous order that Bleidt's counsel may only seek compensation from the assets held in Bleidt's name as of the commencement of this civil action.

BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:

1.  Within 150 days of the date of this order, the Receiver shall liquidate the personal property formerly held by Bleidt in his own name prior to the commencement of this civil action ("Bleidt's Unliquidated Property," together with the Bleidt Funds, the "Bleidt Assets").

2.  Subject to the terms of this order, counsel to Bleidt in this action shall be compensated for his necessary and reasonable fees and expenses in an amount to be determined by this Court and paid solely from the proceeds of Bleidt's Unliquidated Property net of any commissions or other reasonable selling expenses and the Bleidt Funds. Under no circumstances, however, will assets held in the name of any of the Receivership Entities as of the commencement of this case be available to pay Bleidt's counsel fees and expenses.

3.  Bleidt's counsel's hourly fee for legal services in this case shall be limited to $150 and Bleidt's counsel's aggregate compensation in this case shall not exceed the lesser of $12,000 or the net proceeds of the Bleidt Assets.

4.  Any payment of fees and expenses to Bleidt's counsel shall be conditioned on: (a) Bleidt's counsel filing a fee application detailing the nature of the services performed, the amount of time spent on such services and the expenses incurred in providing such services, and (b) the prior approval of any payment of these fees and expenses by this Court, which shall

review such fees and expenses for reasonableness in determining whether, in its discretion, such payment will be approved.

5. The Commission and the Receiver shall have not less than fifteen days to review and object to any fee application filed by Bleidt's counsel.

6. Bleidt's counsel shall immediately advise the Court, the Commission and the Receiver, in writing, if he receives or is offered compensation for the services performed and expenses incurred in this case from any source other than the proceeds of the Bleidt assets in the custody of the Receiver.

 

_____
Nancy Gertner
United States District Court Judge

May \_\_, 2005

BOS1492781.3