UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | 04-12415 NG |
| V. | ) ) ) | |
| BRADFORD C. BLEIDT and ALLOCATION PLUS ASSET MANAGEMENT COMPANY, INC. | ) ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANT BRADFORD BLEIDT'S ANSWER TO THE COMPLAINT**

Defendant Bradford C. Bleidt ("Mr. Bleidt"), through counsel, submits the following Answer to Plaintiff Securities and Exchange Commission's ("Plaintiff" or "the SEC") complaint:

1. Paragraph 1 consists of commentary purporting to summarize the SEC's Complaint, to which no response is required. Mr. Bleidt only admits that he was the President of Allocation Plus Asset Management Company, Inc. ("Allocation"). To the extent a response is required; Mr. Bleidt denies the allegations of Paragraph 1.

2. Paragraph 2 states a legal conclusion to which no response is required. To the extent a response is required; Mr. Bleidt denies the allegations in Paragraph 2.

3. Paragraph 3 states a legal conclusion to which no response is required. To the extent a response is required; Mr. Bleidt denies the allegations in Paragraph 3.

## JURISDICTION

4. Paragraph 4 states a legal conclusion to which no response is required. To the extent a respond is required; Mr. Bleidt denies the allegations in Paragraph 4.

5. Paragraph 5 states a legal conclusion to which no response is required. To the extent a response is required; Mr. Bleidt denies the allegations in Paragraph 5.

6. Mr. Bleidt denies the allegation in Paragraph 6.

## DEFENDANTS

7. Mr. Bleidt admits to the allegations in Paragraph 7.

8. The statement contained in Paragraph 8 is directed towards a separate and distinct entity and defendant and as such no response from Mr. Bleidt is required or appropriate.

## STATEMENT OF FACTS

The headings in the SEC's "facts" section does make an allegation to the extent a response is required, Mr. Bleidt denies the allegation in the heading in the "facts" section.

9. Mr. Bleidt denies each and every allegation of paragraph 9.

10. Mr. Bleidt denies each and every allegation of paragraph 10.

11. Mr. Bleidt denies each and every allegation of paragraph 11.

## FIRST CLAIM FOR RELIEF

12. Mr. Bleidt repeats and incorporates by reference his prior responses to paragraph 1-11.

13. Paragraph 13 states a legal conclusion to which no response is required. To the extent a response is required; Mr. Bleidt denies the allegations in Paragraph 13.

14. Mr. Bleidt denies the allegations in Paragraph 14.

15. Mr. Bleidt denies the allegations in Paragraph 15.

## SECOND CLAIM FOR RELIEF

16. Mr. Bleidt repeats and incorporates by reference his prior responses to Paragraphs 1 through 15.

17. Paragraph 17 states a legal conclusion to which no response is required. To the extent a response is required; Mr. Bleidt denies the allegations in Paragraph 17.

18. Mr. Bleidt denies the allegations in Paragraph 18.

19. Paragraph 19 states a legal conclusion to which no response is required. To the extent a response is required; Mr. Bleidt denies the allegations in Paragraph 19.

20. Mr. Bleidt denies the allegations in Paragraph 20.

## PRAYER FOR RELIEF

Mr. Bleidt denies that Plaintiff is entitled to the relief sought in each of the seven paragraphs of the Wherefore Clause (set forth under headings A through G).:

## ADDITIONAL DEFENSE

As an ADDITIONAL DEFENSE to the Complaint, Mr. Bleidt states that the Complaint fails to state a claim upon which relief can be granted.

In the caption of the Complaint, the SEC states: **"JURY TRIAL DEMANDED".** To the extent this statement requires a response; Mr. Bleidt denies that the SEC is entitled to a jury in this case.

Mr. Bleidt denies each allegation in the Complaint that is not expressly admitted in this Answer.

Mr. Bleidt states that the cause of action alleged in plaintiff's complaint was

3

not brought within the time specified in the applicable statutes of limitation, and plaintiff is therefore barred from recovery.

Mr. Bleidt states that the plaintiff has failed to join a party necessary for a just adjudication of this matter.

Mr. Bleidt states that at the time of making the alleged agreement referred to in the complaint he was of unsound mind, incapable of understanding the nature of the agreement, and therefore the agreement is either void or voidable.

Mr. Bleidt states that the plaintiff is required to plead the elements of fraud with specificity and has failed to do so pursuant to Federal Rule of Civil Procedure 9(b), as such no relief can be granted.

Mr. Bleidt states that the plaintiff's Complaint must be dismissed for lack of personal jurisdiction.

Mr. Bleidt states that the plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction.

Mr. Bleidt states that the plaintiff's Complaint fails due to insufficiency of service of process.

Mr. Bleidt states that the plaintiff's Complaint fails due to lack of consideration.

Mr. Bleidt states that the plaintiff's Complaint fails due to payments made by defendant for which he has been attributed no credit for.

Mr. Bleidt states that the plaintiff's Complaint fails due to the Doctrine of Laches

Mr. Bleidt reserves the right to amend or supplement his responses in this Answer, and to raise different or additional defenses as may become necessary or appropriate, in accordance with the Federal Rules of Civil Procedures and the Local

Rules of the United States District Court of Massachusetts, upon further investigation and discovery.

    WHEREFORE, Mr. Bleidt asks for a judgment:

(1)    dismissing the Complaint with prejudice;

(2)    denying all relief sought in the Complaint; and

(3)    providing such other relief as the Court may deem just and appropriate.

    Respectfully submitted,

/s/ Gregory D. Oberhauser_____
Gregory D. Oberhauser BBO No. 642209
Michael A. Manzi BBO No. 634041
10 George Street, Suite 220
Lowell, MA 01852
(978) 452-1116
Fax: (978) 452-8199

## CERTIFICATE OF SERVICE

    I, Gregory D. Oberhauser, hereby certify that a true and accurate copy of the foregoing Answer has been served upon plaintiff by forwarding same to The Securities and Exchange Commission by electronic filing service and by first class mail to 73 Tremont Street, Suite 600, Boston, Massachusetts 02108.

Date: July 11, 2005        /s/ Gregory D. Oberhauser_____
        Gregory D. Oberhauser