UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BRADFORD C. BLEIDT and )<br>ALLOCATION PLUS ASSET MANAGEMENT )<br>COMPANY, INC., )<br>)<br>Defendants. )<br>) | Civil Action No. 04-12415-NG |

**EMERGENCY MOTION FOR AN ORDER SCHEDULING A HEARING ON THE RECEIVER'S MOTION FOR AN ORDER: (A) APPROVING THE WBIX RESCISSION AGREEMENT AND THE RETRANSFER OF ALL OF THE STOCK IN WBIX CORP. TO ALEXANDER G. LANGER FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, AND (B) GRANTING RELATED RELIEF.**

David A. Vicinanzo, the Court-appointed receiver, (the "Receiver") in the above-captioned civil action respectfully requests that this Court schedule an evidentiary hearing during the week of October 24, 2005, on his Motion for an Order: (A) Approving the WBIX Rescission Agreement and the Retransfer of all of the Stock in WBIX Corp. to Alexander G. Langer ("Langer") Free and Clear of Liens, Claims, Encumbrances, and Interests, and (B) Granting Related relief (the "Approval Motion"). The Receiver further requests that the Court also establish an appropriate deadline for interested parties to object to the Approval Motion. Put bluntly, if a hearing to consider the relief sought in the Approval Motion is not promptly scheduled, then these estates may lose their only opportunity to realize any value from Defendant Bradford C. Bleidt's interest in WBIX Corp. In further support of his request, the Receiver respectfully states as follows:

BOS1530529.1

## BACKGROUND

1. As previously reported to the Court and parties-in-interest in this case, the principal asset to be administered in this receivership proceeding is Bleidt's interest in WBIX Corp. WBIX Corp. operates an AM radio broadcasting business under the call letters of WBIX 1060 AM (the "Station"), and serves the Boston, Massachusetts metropolitan area.

2. Contemporaneously with the filing of this Motion, the Receiver filed a motion seeking authority to liquidate Bleidt's interest in WBIX Corp.

3. In the Rescission Motion, the Receiver seeks approval of the rescission of Perspectives Broadcasting Inc.'s ("PBI") purchase of all of the issued and outstanding stock of WBIX Corp. from Langer in accordance with the terms and conditions of the WBIX Rescission Agreement (the "Agreement").

4. The parties' obligations under the Agreement are conditioned on, among other things, the Federal Communication Commission's (the "FCC") approval of the transfer of the license to operate the Station to Langer and the transaction being complete no later than December 30, 2005.

5. In addition, as detailed in the Approval Motion, the proposed transaction is also premised and conditioned on this Court entering an order approving the transaction and permanently enjoining persons with claims against WBIX's stock or assets from enforcing those claims against Langer or WBIX following the closing of the rescission transaction, and instead, requiring that such claims be satisfied going forward exclusively from the proceeds of the transaction (the "Free and Clear Order"). The Agreement further conditions Langer's obligations on the expiration of the 30 day appeal period applicable in the proposed Free and Clear Order.

6. Finally, the FCC's license for the Station, by its terms, must be renewed on or before December 1, 2005. The Receiver further understands that processing applications for license renewal take approximately 90 days, and while such applications are under advisement, the FCC will not approve any transaction concerning the license for the Station.

## REQUEST FOR A HEARING ON THE APPROVAL MOTION

7. Through the present motion, therefore, the Receiver respectfully requests that the Court enter an order scheduling an evidentiary hearing for the Approval Motion during the week of October 24, 2005, and establish an appropriate deadline for interested parties to object to the relief sought in the Approval Motion prior to the date of the hearing. This request for a hearing date is driven by the time constraints imposed by the Agreement, the FCC's license renewal process, and the need to provide interested parties with reasonable notice of the relief sought in the Approval Motion and a meaningful opportunity to be heard at the hearing to consider that relief.

8. Because the FCC does not consider applications to transfer licenses while an application for renewal is pending, the effective deadline under the Agreement for the proposed rescission transaction to close is November 30, 2005. Put another way, if the closing were delayed beyond November 30, 2005, the Receiver could not satisfy the requirement of the Agreement that the transaction must be complete by December 30, 2005, and moreover, his ability to execute any transaction for the benefit of the receivership estate would become contingent on the FCC's agreement to renew the station license, which could not, in any event, occur before the Spring of 2006. And because the Agreement, in turn, conditions the closing of the transaction on the Receiver's delivery of the proposed Free and Clear Order to Langer after the expiration of the 30 day appeal period, under Fed. R. App. Proc. 4, the proposed Free and

Clear Order must be entered no later than October 28, 2005 in order to close the proposed rescission transaction by November 30, 2005.

9. The Receiver, therefore, requests that the Court schedule a hearing in October on the Approval Motion as soon as possible to give parties interested in and affected by the relief sought in the Approval Motion as much notice as possible under the circumstances. In light of the scope of the relief sought in the Approval Motion, the Receiver intends to provide each of the 140 defrauded investors identified to date and all known creditors of WBIX Corp. with notice of the hearing to consider the Approval Motion. The Receiver also intends to publish, in various newspapers and trade journals, a notice concerning the hearing on the Approval Motion, the relief sought in the Approval Motion, and the transaction contemplated by the Agreement. If a hearing to consider the Approval Motion is promptly scheduled for the week of October 24, 2005, the Receiver can provide interested parties with at least three weeks notice of the proposed transaction and the relief sought in the Approval Motion. Compare Fed. R. Bankr. P. 2002(a)(2) (requiring 20 days notice of sale of property free and clear of claims in bankruptcy.) Conversely, if the Receiver cannot obtain a hearing on the Approval Motion in October, these estates may lose their only opportunity to realize any value from Bleidt's interest in the Station.

WHEREFORE, the Receiver respectfully requests that the Court enter an Order:

A. Scheduling an evidentiary hearing on the Approval Motion during the week of October 24, 2005;

B. Establishing an appropriate deadline for parties in interest to object to the relief sought in the Approval Motion, prior to the hearing; and

C. Granting such other and further relief as is deemed appropriate and just.

-5-

September 27, 2005                          Respectfully submitted,

                                                   DAVID A. VICINANZO, RECEIVER

                                                 /s/ Francis C. Morrissey
                                                 Kevin Fitzgerald (admitted pro hac vice)
                                                 Francis C. Morrissey (BBO #567589)
                                                 Nixon Peabody LLP
                                                 100 Summer Street
                                                 Boston, MA  02110
                                                 (617) 345-1000