UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                                    )
SECURITIES AND EXCHANGE COMMISSION, )
       Plaintiff,                                         )
                                                                    )
v.                                                                )   Civil Action No. 04-12415-NG
                                                                    )
BRADFORD C. BLEIDT and                           )
ALLOCATION PLUS ASSET MANAGEMENT )
COMPANY, INC.,                                          )
       Defendants.                                     )
_____)

### PARTIAL OPPOSITION OF JOAN M. PATSOS TO
### FIRST INTERIM APPLICATION OF NIXON PEABODY LLC
### FOR COMPENSATION AND REIMBURSEMENT

      Joan M. Patsos ("Patsos"), a party-in-interest in the above-entitled receivership proceeding, hereby submits this partial opposition to the "First Interim Application of Nixon Peabody LLP Counsel for the Receiver for Compensation and Reimbursement of Expenses" (the "Nixon Peabody Application"). In particular, Patsos objects to Nixon Peabody's request for interim compensation totaling $966,207.02.

      As the Nixon Peabody Application recognizes, a primary factor to be considered in awarding attorneys' fees is the "results obtained." Although Patsos recognizes that Nixon Peabody has achieved certain successes to date, the fact of the matter is that the funds recovered to date total $557,880, more than $400,000 below the amount sought in the Nixon Peabody Application. Nixon Peabody is proposing to pay itself this amount, together with the amount to which it succeeded at the time of its appointment, $196,828.21, and also to be paid from the next available assets. This result would be unfair to Patsos and to other creditors in these receivership proceedings. If, for example, a total of only $1,000,000 is recovered by Nixon Peabody, the ultimate dividend to creditor will be miniscule, and Nixon Peabody would have been paid a fee grossly disproportionate to the "results obtained."

      Patsos submits that it would be more fair for Nixon Peabody to be paid an interim award of one-third of the presently available estate assets, with Nixon Peabody having

the right to petition the Court for further interim and final compensation depending upon the results to be achieved in the future.

WHEREFORE, Patsos respectfully requests that this Court deny the Nixon Peabody Application in its present form and instead approve interim compensation in the amount of one-third of the presently available assets of the estate, with Nixon Peabody having the right to seek further compensation awards based upon the ultimate results obtained in the case.

JOAN M. PATSOS,

By her attorney,

/s/ Lawrence G. Green
Lawrence G. Green, BBO# 209060
PERKINS SMITH & COHEN LLP
One Beacon Street, 30th Fl.
Boston, MA  02108
Dated: October 5, 2005               (617) 854-4000

CERTIFICATE OF SERVICE

I, Lawrence G. Green, Esq., hereby certify that on October 5, 2005, I served the foregoing Partial Opposition of Joan M. Patsos to First Interim Application of Nixon Peabody LLC for Compensation and Reimbursement by electronic filing service and by mailing a copy thereof, postage prepaid, to:

Richard L. Gemma
MacAdams & Wieck
101 Dyer Street - Suite 400
Providence, RI  02903

/s/ Lawrence G. Green

31765-2-PartialOpposition.doc