UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | 04-12415 NG |
| V. | ) ) ) | |
| BRADFORD C. BLEIDT and ALLOCATION PLUS ASSET MANAGEMENT COMPANY, INC. | ) ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANT MR. BRADFORD BLEIDT'S OPPOSITION TO PLAINTIFF'S PROPOSED ("363") SALES ORDER**

Defendant Mr. Bleidt, through counsel, respectfully objects to the proposed sale order and seeks a modification of said order so that it will be of greater benefit to the victims which the Receiver represents in this proceeding for the following reasons:

1.  Counsel used the analogue of Bankruptcy Law and Laws of Equity in filing his appearance in the present case.

2.  The Receiver is using the Laws of Bankruptcy and Equity also to achieve their goal, the maximization of return for the estate, which represents the victims.

3.  The Receiver has articulated the case law and jurisdictional powers this Court possesses to allow the 11 U.S.C § 363 sale of the Radio Station to Mr. Langer. It is in this context that they also need to follow the tried and true methods and procedures that allow a §363 "Free and Clear Sale" to be approved by this Court.

4.      The Proposed Sale Order seeks to mirror the results obtained in bankruptcy and all the benefits without doing what needs to be done to get the Order approved.  11 U.S.C § 506, states that a determination of secured status must be accomplished in order to proceed to a 11 U.S.C. § 363 "Free and Clear" sale.  The secured claim must be valued and this value must be relevant at the time of the sale.  The value of the collateral has not been completed, nor offered to others for a competitive bid.  The language of a §363 sale is always subject to a higher and better offer.  Yet no bid has been forthcoming because no valuation has been placed on the Radio station.  "To date, however, none of these efforts have produced cash offers in excess of Langer's asserted lien on the Station."  See Receiver's Motion for Order, page 6.

5.      What is the true value of the Secured Lien which Mr. Langer holds, is not known at this time!  A secured claim to the estate is the value of such creditor's interest in the estate's interest in the property.  That value is what it is worth today.

> Section 11 U.S.C. § 506
>
> (a)     An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the cause may be, and is an unsecured claim to the extent that the value of such creditor's calm.  Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or an a plan affecting such creditor's interest.
>
> (d)     To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void…

6. To the extent that the creditor's interest, or the amount subject to setoff, is less than the total amount of the claim, the claim is an allowed unsecured claim. Thus, a secured claim cannot be an allowed secured claim in an amount greater than the value of the collateral. A common example is a debt, not otherwise subjected to defenses or setoffs, in the amount of $10,000 dollars secured by a boat worth $4,000 dollars. The estate would request a determination that the claim be divided into an allowed secured claim of $4,000 dollars and an allowed unsecured claim of $6,000 dollars. This accomplishes the actual interest of the parties existing at the time of the bankruptcy, which determine their rights. In essence this would allow the secured party the amount that they would receive if they had enforced their security interest which would be the value of the collateral.

7. Since we are promulgating the laws of bankruptcy to maximize the returns for the victims, case law is very much on the victim's side. The Code prevents the secured creditor from exercising undue power or getting an unfair advantage in the bankruptcy case over the unsecured creditors out of proportion to the true value of its security interest. In <u>Dewsnup v. Timm,</u> 502 U.S. 410, 122 S. Ct. 773, 116 L. Ed. 2d 903 (1992), in a Chapter 7 case, a creditor could not have an allowable unsecured claim against the estate for the amount by which it is under secured. See 11 U.S.C. §502(b)(1). Consequently, that creditor's lien is arguably void to the extent of the under security under § 506(d) and <u>Dewsnup</u> because its claim would neither be secured nor allowable pursuant to §502.

8. There is clear legislative history indicating congressional intent that a chapter 13 debtor, for example, may free property from a lien by paying the lien-holding creditor the

3

present value of its allowed secured claim through a chapter 13 plan. See 124 Cong. Rec. H11107 (Sept. 28, 1978) (remarks of Rep. Edwards); 124 Cong. Rec. S17424 (Oct.6, 1978) (remarks of Sen. DeConsini) (secured creditor's lien retained under §1325(a)(5) only secures the value of the collateral and is satisfied in full by plan payments equal to present value of allowed secured claims); H.R. Rep. No. 595, 95th Cong., 1st Sess. 124 (1977). The Supreme Court implicitly recognized that most liens could be reduced to the value of their collateral ("stripped down") through a chapter 13 plan in <u>Nobelman v. American Savings Bank</u>, 508 U.S. 324, 113 S. Ct. 2106, 124 L. Ed. 2d 228 (1993). See, e.g., <u>In re Hammond</u>, 27 F.3d 52, 56 (3rd Cir. 1994); <u>In re McClurkin</u>, 31 F.3d 401, 406 (6th Cir. 1994); In re Lee, 162 B.R. 217 (D.Minn.1993).

9. In essence the Court could by analogy bifurcate this matter: 1) by setting a date of valuation on the Radio Station: 2) then establishing an appropriate method of evaluating the Radio Station then after a hearing, determine the Allowed Secured Claim of Mr. Langer.

10. Once this has been accomplished and the value of the secured lien is established and ruled on, the excess amounts are considered unsecured liens that the Court has discretion over in crafting the appropriate Sale Order. This will place the Receiver in a better position to market this property to others who have shown interest in purchasing the Radio Station.

11. The results and benefits from a §363 sale is both the sword and the shield for the purchaser, a release form all liabilities and all liens attach to the proceeds once all procedures have been safe guarded.

WHEREFORE, Mr. Bleidt, through counsel respectfully objects to the Proposed Sale Order as it presently exists for the reasons stated above and asks this Honorable Court :

(1) denying the Sales Order as it presently exists;

(2) Order a Date of Valuation;

(3) Order a Method of Valuation;

(4) Set date for a hearing to determining the amount of the Allowed Secured Claim;

(5) Determine a method of re-marketing the Radio Station; and

(6) providing such other relief as the Court may deem just and appropriate.

Respectfully submitted,

/s/ Gregory D. Oberhauser_____
Gregory D. Oberhauser BBO No. 642209
Michael A. Manzi BBO No. 634041
10 George Street, Suite 220
Lowell, MA 01852
(978) 452-1116
Fax:  (978) 452-8199

CERTIFICATE OF SERVICE

I, Gregory D. Oberhauser, hereby certify that a true and accurate copy of the foregoing Objection has been served upon plaintiff by forwarding same to The Securities and Exchange Commission by electronic filing service and by first class mail to 73 Tremont Street, Suite 600, Boston, Massachusetts 02108.

Date:  October 20, 2005          /s/ Gregory D. Oberhauser_____
                                 Gregory D. Oberhauser