UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BRADFORD C. BLEIDT and ) <br> ALLOCATION PLUS ASSET MANAGEMENT ) <br> COMPANY, INC., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 04-12415-NG |

THE RECEIVER'S REPLY TO DONNA BRANDT LAWRENCE'S OPPOSITION TO HIS MOTION FOR AN ORDER: (A) APPROVING THE WBIX RESCISSION AGREEMENT AND THE RETRANSFER OF ALL OF THE STOCK IN WBIX CORP. TO ALEXANDER G. LANGER FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, AND (B) GRANTING RELATED RELIEF.

David A. Vicinanzo, the Court-appointed receiver in the above-captioned civil action (the "Receiver") hereby replies to Donna Brandt Lawrence's Opposition to his Motion for an Order: (A) Approving the WBIX Rescission Agreement and the Retransfer of All of the Stock in WBIX Corp. to Alexander G. Langer Free and Clear of Liens, Claims, Encumbrances and Interests, and (b) Granting Related Relief (the "Rescission Motion" or the "Motion"). In a nutshell, Ms. Lawrence does not object to the proposed rescission transaction and liquidation of the Station. Instead, she gives preemptive notice of her objection to payment of any of the proceeds of the transaction to the Receiver and his counsel for the substantial professional fees that have been incurred in this case. That distribution objection, of course, simply has no bearing on the merits of the proposed rescission transaction. It is also premature and any consideration of that objection by the Court should be deferred until the as yet unscheduled hearing to consider

BOS1537912.2

- 2 -

payment of professional fees in this case.  In further support of his reply, the Receiver respectfully states as follows:

1.  Although Ms. Lawrence's objection is styled as an objection to the proposed rescission transaction between this estate and Alexander G. Langer, her objection does not criticize the economics of that transaction, the terms of the proposed rescission agreement, or otherwise discuss the value or marketability of the Station.  In fact, Ms. Lawrence and her counsel concede in the objection itself that they have no grounds to challenge the proposed rescission transaction: "[W]e have no information or expertise to object to the sale [sic] itself," and request that "the Court, or an independent party review the terms of the proposed sale [sic]."

2.  Ms. Lawrence's objection instead focuses exclusively on the distribution of the proceeds of the proposed transaction.  In particular, she objects to the use of those proceeds to pay the Receiver's counsel fees in this case because the Receiver has not commenced litigation with the defendants' broker-dealers and other financial institutions and requests that "the Court place the proceeds of the sale in escrow, until the conclusion of the Receivership, and the litigation which the Receiver should be pursuing"

3.  Laying aside for the present purposes the Receiver's rebuttal of the merits of the assertions made, that objection, of course, is not directed at the proposed rescission transaction.  It is also unnecessary in light of the express terms of this Court's previous orders appointing the Receiver.  Pursuant to the terms of that order, all of the proceeds of the rescission transaction will be held in trust in a segregated client account and no payment of the Receiver or his counsel's fee will be made from those funds unless and until this Court enters an order expressly approving such a payment.

4.   Furthermore, although the Receiver and his counsel have filed an interim fee application to provide parties-in-interest like Ms. Lawrence ample time to consider the application, the Receiver is not seekng payment of any of his or his counsel's fees at this time and no hearing to consider the fee applications has been scheduled.  At the hearing to consider the Receiver's fee application, Ms. Lawrence, as well as every other party-in-interest in this case, will have a full opportunity to express an opinion on the effectiveness of the Receiver's efforts on their behalf and object to the substantial professional fees that have been incurred in this case. In short, consideration of Ms. Lawrence's contentions is premature and should be deferred until the Court holds a hearing on the Receiver's fee application.

WHEREFORE, the Receiver respectfully requests that the Court an Order:

A.   Overruling Ms. Lawrence's objection to the extent it applies to the Rescission Motion;

B.   Deferring consideration of Ms. Lawrence's objection until the hearing to consider the Receivership and his counsel's professional fees in this case;

C.   Granting the Rescission Motion; and

D.   Granting such other and further relief as is deemed appropriate and just.

Respectfully submitted,

DAVID A. VICINANZO, RECEIVER

By his attorneys,

Dated:  October 23, 2005      /s/ Kevin M.Fitzgerald
Kevin M. Fitzgerald (admitted pro hac vice)
Francis C. Morrissey (BBO #567589)
Nixon Peabody LLP
100 Summer Street
Boston, MA  02110
(617) 345-1000

BOS1537912.2