# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. CA-04-12415-NG |
| vs. | ) ) ) | |
| BRADFORD C. BLEIDT and ALLOCATION PLUS ASSET MANAGEMENT COMPANY, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

## [PROPOSED] ORDER AUTHORIZING AND APPROVING WBIX RESCISSION AGREEMENT AND FOR RELATED RELIEF

Upon the Motion of David A. Vicinanzo (the "Receiver"), Receiver for Bradford C. Bleidt ("Bleidt"), Allocation Plus Asset Management Company, Inc. ("APAM"), Financial Perspectives Planning Services, Inc. ("FPPS"), Perspectives Broadcasting, Inc. ("PBI"), WBIX Corp., formerly known as Langer Broadcasting Corp. ("WBIX Corp."), Shared Visions, Inc. ("SVI") and FPPS Management, Inc., dated September 27, 2005 (the "Rescission Motion" or "Motion"), for an Order Authorizing and Approving the WBIX Rescission Agreement and for Related Relief.  Among other things, the Rescission Motion seeks approval of that certain WBIX Rescission Agreement (the "Rescission Agreement" or the "Agreement") by and between the Receiver and Alexander G. Langer, ("Langer") pursuant to which the Receiver has agreed to rescind the sale of Langer's stock in WBIX Corp. to PBI.  The Rescission Motion also seeks a declaration from this Court that following the closing of the rescission transaction contemplated

- 2 -

by the Agreement, (a) WBIX Corp. shall hold the license to broadcast the radio station WBIX; and (b) WBIX Corp. shall hold the other assets it presently owns as of the date of this Order free and clear of all liens, claims and encumbrances, excluding Assumed Obligations (as defined in the Rescission Agreement); and (c) the Receiver owns and has the power to re-convey 100 percent of the issued and outstanding shares of stock of WBIX Corp. Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Rescission Agreement.

NOW, THEREFORE, based upon all of the evidence provided to the Court at the hearing held on October 24, 2005 (the "Hearing"), the Affidavit of David A. Vicinanzo (the "Vicinanzo Affidavit"), the Affidavit of Alexander G. Langer (the "Langer Affidavit"), the Certificates of Service for the Motion, the Affidavits of Publication for the Notice of Hearing on the Motion; and upon the entire record of the Hearing; and after due deliberation thereon; and good cause appearing therefore;

IT IS HEREBY FOUND AND DETERMINED THAT:

A.    This Court has jurisdiction to hear and determine the Motion and approve the Rescission Agreement.

B.    On September 28, 2005, the Receiver served a copy of the Rescission Motion and the Agreement on all of the parties identified in Exhibit A to this Order by hand or by first class mail and on September 29, 2005 the Receiver served a Notice of Hearing on the Rescission Motion on all of the parties identified in Exhibit A to this Order.

C.    In addition, on September 2, 2005 and again on October 16, 2005, the Receiver published a notice concerning the hearing on the Rescission Motion, the relief sought in the Rescission Motion and the transactions contemplated by the Rescission Agreement in the following newspapers and periodicals: (1) *The Boston Globe*; and (2) *The Boston Herald*. A

- 3 -

notice of hearing on the Rescission Motion, the relief sought in the Rescission Motion and the transactions contemplated by the Rescission Agreement was also published in the following trade journals on the following dates:

- Inside Radio                    October 17, 2005
- Radio and Records           October 21, 1005
- Radio Business Report     Daily from October 18, 2005 to October 21, 2005;

D.     The Receiver also published the Rescission Motion, the Agreement and a Notice concerning the Rescission Motion on his webpage at http://extranet30.nixonpeabody.com.

E.     Notice of the Motion, the Rescission Agreement, the hearing thereon and the transactions contemplated therein was proper, timely, adequate and sufficient under the circumstances.

F.     All interested persons and entities, including, without limitation: (i) Bradford C. Bleidt; (ii) Gregory D. Oberhauser; (iii) Chris Egan; (iv) Egan Communications LLC; (v) Bruce Mittman; (vi) Mittcom Consulting Group; (vii) Jeffrey D. Ganz; (viii) NStar; (ix) Boston Harbor Hotel; (x) Regan Communications; (xi) Greater Boston Chamber of Commerce; (xii) Robert Glovsky (the individuals and entities identified in subsections (i) through (xii) being the "Identified Claimants"); (xiii) the Defrauded Investors identified in the Rescission Agreement; (xiv) the creditors of WBIX Corp. identified in the Rescission Agreement; (xv) all persons or entities who claim or may claim or have threatened to claim or who have asserted any interest in or lien upon the WBIX Stock or WBIX's assets or right to the issuance of WBIX stock; (xvi) all parties who have entered an appearance in the above-captioned case, (xvii) all current and former employees of WBIX Corp. and PBI; (xviii) the Securities and Exchange Commission; (xix) the Federal Communication Commission; (xx) the Office of the Secretary of State of the

- 4 -

Commonwealth of Massachusetts; (xxi) the Federal Bureau of Investigation; (xxii) the

Massachusetts Attorney General's Office; and (xxiii) the Attorney General of the United States;

have been afforded a reasonable opportunity to object or to be heard regarding the relief

requested in the Motion.

      G.     The Receiver has full power and authority to execute, deliver and perform the

WBIX Rescission Agreement and all other documents contemplated thereby on behalf of Bleidt

and the Additional Bleidt Entities and the rescission of the sale of the WBIX Stock to PBI has

been duly and validly authorized by all corporate and other authority necessary to consummate

the transactions contemplated by the Rescission Agreement. No consents or approvals, other

than as expressly provided for in the Agreement, are required by the Receiver to consummate

such transactions.

      H.     The Rescission Agreement was negotiated, proposed, and entered into by the

parties without collusion, in good faith, and from arm's length bargaining positions.

      I.     The Receiver has advanced sound business reasons for seeking to enter into the

Rescission Agreement, as more fully set forth in the Motion and the Vicinanzo Affidavit, and as

demonstrated at the Hearing, and it is a reasonable exercise of the Receiver's business judgment

and a proper exercise of his fiduciary duties to rescind the sale of the WBIX Stock to PBI and to

execute and deliver the Rescission Agreement to Langer.

      J.     The terms and conditions of the Rescission Agreement, including the total

consideration to be realized by the Receiver, are fair and reasonable, and the transactions

contemplated by the Rescission Agreement are fair and reasonable and are in the best interest of

Bleidt's and the Additional Bleidt Entities' estates, the Defrauded Investors and the other

creditors of those estates.

- 5 -

K.      The Rescission Agreement will provide a greater recovery for Bleidt's and the Additional Bleidt Entities' estates than would be provided by any other practical alternative.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is granted in its entirety.

2.      The WBIX Rescission Agreement and the transactions contemplated thereby are approved and the Receiver is hereby authorized, empowered, and directed to enter into the Rescission Agreement on behalf of Bleidt and the Additional Bleidt Entities and to execute and perform such other agreements or documents, and take such actions, as are necessary or desirable to effectuate the terms of the Rescission Agreement.

3.      All objections to the relief requested in the Motion that have not been withdrawn, waived, mooted or settled, and all reservations of rights included therein are hereby overruled on the merits.

4.      The rescission of the sale of the WBIX Stock to PBI and the term, agreements, conditions and transactions contemplated by the Rescission Agreement are hereby approved in all respects.

5.      The Receiver is hereby authorized, directed, and empowered on the Closing Date to fully assume, perform under, consummate, and implement the Rescission Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Rescission Agreement, and the transactions contemplated thereby.

6.      This Order is and shall be effective as a determination that upon Closing of the rescission transaction, and except as expressly provided for in the Rescission Agreement, WBIX Corp. shall be vested with good title to all assets it holds as of the date of this Order, free and

- 6 -

clear of any and all liens, claims, encumbrances, liabilities, obligations, pledges, security

interests, charges, and interests of any kind including, without limitation, competing claims to

title of those assets held or asserted by any Defrauded Investors (individually, "Claim" or

collectively, "Claims"), whether secured or unsecured, choate or inchoate, filed or unfiled,

scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or

noncontingent, liquidated or unliquidated, mature or unmatured, disputed or undisputed or

known or unknown, whether arising prior to or subsequent to the Appointment Order, whether

imposed by agreement, understanding, law, equity or otherwise.  All such Claims on WBIX

Corp.'s assets shall attach to the proceeds of the Rescission Agreement, with the same force,

validity, and effect, if any, as they now may have.

      7.     Upon Closing, Langer shall acquire from the Receiver one hundred (100%)

percent of all of the issued and outstanding capital stock of LBC free and clear of all rights of

any other alleged stockholders or warrants, subscriptions, calls or other rights or commitments to

issue or acquire any capital stock or other securities of LBC or rights or obligations of any kind

convertible into securities of any kind or class with all such rights to attach only to the proceeds

of the rescission transaction with the same validity, force and effect, if any, as they now have in

or against WBIX Corp., subject to all Claims and defenses the Receiver may possess with

respect hereto.

      8.     Except as expressly provided in this Order and in the Rescission Agreement,

Langer is not assuming, nor shall he in any way whatsoever be liable, as successor to PBI or

otherwise, for any debts, liabilities, obligations, commitments, fines, penalties, recoupments,

audits, repayments, chargebacks or other assessment of any form or nature, which arose prior to

the date of the entry of this Order or any debts, liabilities, obligations, or commitments, in any

BOS1522388.8

- 7 -

way whatsoever relating to or arising from the Station, WBIX Corp. or WBIX Corp.'s assets, or Bleidt's and/or PBI's operation or use or ownership of the Station, or WBIX Corp.'s assets prior to consummation of the transactions contemplated by the Rescission Agreement.

9.      Any and all persons are hereby barred, estopped, and forever enjoined from taking any action of any kind against Langer, WBIX Corp., or any of their respective property on account of any Claim against Bleidt or any of the Additional Bleidt Entities or against WBIX Corp., or any of its assets existing as of the date of this Order.  All such Claims shall attach to the proceeds of the Rescission Agreement, with the same force, validity, and effect, of any, as they now may have.

10.     All persons or entities who presently, or on the Closing Date, are in possession of some or all of WBIX Corp.'s assets are hereby directed to surrender possession of such assets to Langer on the Closing Date or at such time thereafter as Langer may request.

11.     The payment referred to in paragraph 4 of the Rescission Agreement, together with other consideration provided for in the Rescission Agreement, shall constitute reasonably equivalent value and fair consideration for the transaction within the meaning of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") and all applicable law.

12.     The Rescission Agreement and any related agreements may be waived, modified, amended or supplemented by agreement of the Receiver and Langer without further action of the Court; provided, however, that such waiver, modification, amendment or supplement is not material and substantially conforms to and effectuates the Rescission Agreement.

13.     The failure to specifically include any particular provision of the Rescission Agreement or any related agreements in this Order shall not diminish or impair the effectiveness

BOS1522388.8

- 8 -

of such provision, it being the intent of the Court, the Receiver, and Langer that the Rescission Agreement or any related agreement, are authorized and approved in their entirety with such amendments thereto, as may be made in accordance with this Order prior to Closing.

14.    The terms and provisions of this Order shall be binding in all respects on the Receiver, Bleidt, the Additional Bleidt Entities, their estates and creditors, the Identified Claimants, the Defrauded Investors, Langer and his respective affiliates, successors, and assigns, and any affected third parties, and all persons asserting or who may assert a Claim against or interest in Bleidt's or the Additional Bleidt Entities' estates, the Station, WBIX Corp., WBIX's other assets, or the stock of WBIX Corp. existing as of the date of this Order, whether known or unknown.  The Rescission Agreement and the transactions contemplated thereby shall be specifically performable and enforceable against and binding upon, and not subject to, rejection or avoidance by, Bleidt and the Additional Bleidt Entities in any case commenced by Bleidt or the Additional Bleidt Entities under the Bankruptcy Code, or any Chapter 7 or Chapter 11 trustee of Bleidt or the Additional Bleidt Entities appointed in such a case and their respective bankruptcy estates.

15.    This Court shall retain exclusive jurisdiction to enforce the provisions of this Order and the Rescission Agreement and to resolve any dispute concerning this Order, the Rescission Agreement, or the rights and duties hereunder or thereunder, or any issues relating to the Rescission Agreement and this Order, including, but not limited to, the resolution of any claims asserted by third parties that give rise to the indemnification provisions of the Rescission Agreement, the implementation of the procedures set forth in Section 16 of the Rescission Agreement, the interpretation of the terms, conditions, and provisions hereof and of the

- 9 -

Rescission Agreement, and all issues and disputes arising in connection with the relief authorized herein.

16.     To the extent any provisions of this Order conflict with the terms and conditions of the Rescission Agreement, this Order shall govern.


October __, 2005

_____
Honorable Nancy Gertner
United States District Court Judge

# EXHIBIT A

Robert Glovsky, Esq.
Mintz Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111

United States Attorney
Attention: Mark Balthazard
John Joseph Moakley United States Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210

Office of the Secretary of the Commonwealth of
    Massachusetts
State House, Room 337
Boston, MA 02133

Office of the Attorney General of the United States
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

Christopher Egan
Egan Communications
c/o Corruth Capital LLC
116 Flanders Road, Suite 2000
Westborough, MA 01581

Michele Perillo
Securities and Exchange Commission
Boston District Office
73 Tremont Street
Boston, MA 02108

Dennis Regan, Special Agent
Federal Bureau of Investigation
One Center Place, Suite 600
Boston, MA 02108

Bradford C. Bleidt MSA 064-8368
Unit 240D, Cell #841
Essex County Correctional Facility
20 Manning Street
P.O. Box 807
Middleton, MA 01949

Jeffrey D. Ganz
Reimer and Braunstein LLP
3 Center Plaza
Boston, MA 02108

Bruce Mittman
Mittcom Consulting Group
7 Wells Avenue
Newton, MA 02459

Regan Communications
106 Union Wharf
Boston, MA 02109

Boston Harbor Hotel
70 Rowes Wharf
Boston, MA 02110

Greater Boston Chamber of Commerce
75 State Street, 2nd Floor
Boston, MA 02109

NSTAR
One NSTAR Way
Westwood, MA 02090

etwork Music
.O. Box 31001-1697
asadena CA 91110-1697

Verizon
P.O. Box 1100
Albany NY 12250-0001

Omnium Worldwide, Inc.
171 Mercy Road
Omaha, NE 68106

Omnium Worldwide, Inc.
95 Concord Street
Framingham, MA 01701

NCO Financial Systems
507 Prudential Road
Horsham, PA 19044

New England Trade, Inc.
926 Eastern Avenue
Malden, MA 02148

Silvestre A. Fontes
Securities and Exchange Commission
73 Tremont Street, 6th Floor
Boston, MA 02108

Walter G. Ricciardi
Securities and Exchange Commission
73 Tremont Street, 6th Floor
Boston, MA 02108

Richard L. Gemma
MacAdams & Wieck
101 Dyer Street, Suite 400
Providence, RI 02903

Louis M. Ciavarra, Esq.
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615

Robert L. Hamer, Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
1700 Bank of Boston Tower
100 Front Street
Worcester, MA 01608

William S. Rogers, Jr., Esq.
Mirick, O'Connell, DeMallie & Lougee, LLP
1700 Bank of Boston Tower
100 Front Street
Worcester, MA 01608

Richard J. Innis, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109

Allan G. Moskowitz
Kaye Scholer LLP
The McPherson Building
901 Fifteenth Street, NW
Washington, DC 20005

Joseph R. Jenkins, Esq.
116 Flanders Road
Westborough, MA 01581

Marlene Dortch
Secretary
Federal Communications Commission
Washington, DC 20554

ASCAP
ASCAP Building - One Lincoln P
New York, NY  10023

AT&T
P.O. Box 78314
Phoenix, AZ  85062-8314

AT&T
P O Box 2969
Omaha, NE  68103-2969

Adam Lanthier
116 Middlesex Ave.
Reading, MA  01867

Advi Applegarth
176 Mystic Valley Parkway
Winchester, MA  01890

Afni, Inc.
P.O. Box 3427
Bloomington, IL  61702-3427 USA

Allied Office Products, Inc.
PO Box 31533
Hartford, CT  06150

AlphaGraphics
74 Canal Street
Boston, MA  02114

American Tent & Table, Inc.
P.O. Box 1348
381 Old Falmouth Rd., #41
Marstons Mills, MA  02648

Andover Townsman
P.O 1986
Andover, MA  01810

Anna Pereira
130 Bowdoin Street, #904
Boston, MA 02108

Vin Ciavatta
Aribtron, Inc.
9705 Patuxent Woods Drive
Columbia, MD  21046-1572 USA

Associated Press
P.O. BOX 19199
Newark, NJ  07195-9199

BMI Radio
PO Box 406833
Atlanta, GA  30384-6833

Bilmar Sales
39 Bradford Rd.
Natick, MA  01760

Bloomberg, LP
PO Box 30244
Hartford, CT  06150

Bodoff & Slavitt LLP
77 North Washington St
Boston, MA  02114-1908

DH
Boston Business Printing
115 Broad Street
Boston, MA  02110

Boston Magazine
P.O. Box 7693
Red Oak, IA  51591-0693

Boston Marriott Newton
2345 Commonwealth Avenue
Newton, MA 02446

Boston.com
P.O. Box 3074
Boston, MA  02241-3074

Broadcast Signal Lab, LLP
64 Richdale Ave
Cambridge, MA  02140-2629

Broadcasters General Store
P.O. Box 116084
Atlanta, GA  30368-6084

Bruce Gellerman
Bruce Gellerman
21 Hall Ave.
Watertown, MA  02472

CSC
PO Box 13397
Philadelphia, MA  19101-3397

Central Parking/Kinney System
50 New Sudbury St.
Boston, MA  02114

Charles A. Jaffe
PO Box 70
Cohasset, MA  02025

Charles J. Stein
50 Watertown Street
Apt. 502
Watertown, MA 02458

Chart Productions Inc.
20 Park Plaza
Ste 720
Boston, MA  02116

Aviana Zorbas
Clear Channel
99 Revere Beach Parkway
Medford, MA  02155 USA

Clear Channel
200 Basse Road
San Antonio, TX 78209

Cris Warren
Community Newspaper Co.
P.O. Box 845908
Boston, MA 02284-5908

Comrex Corporation
19 Pine Road
Devens, MA 01432

Copy Cop
815 Boylston Street
Boston, MA 02116

D.D. Bucklin, Inc.
Forbes Industrial Park
Chelsea, MA 02150

Darlene McCarthy
20 Rowes Wharf
Townhouse # 13
Boston, MA 02110

Dave Anthony
33 Maplewood Ave
#13
Gloucester, MA 01930

David L. Sutherland
4 Brownfield Lane
Georgetown, MA 01833

Deluxe Business Forms
P.O. Box 742572
Cincinnati, OH 45274-2572

Dolores Kong

Duncan's American Radio
P.O. Box 8428
Cincinnati, OH  45208

Lou Eagle
Eagle Leasing Company
Eagle Place
Orange, CT  06477

Egan Communications
116 Flanders Road
Suite 2000
Westborough, MA  01581 USA

GBArc
221 North Beacon St.
Boston, MA  02135-1943

GE Capital Commercial Services
PO Box 402325
Atlanta, GA  30384-2325

Games Away Tours, Inc
177 Milk St.
Boston, MA  02109

Gardner & Lynch Electrical
P.O. Box 133
Stoneham, MA  02180

Gemini Productions
5 Crafts Road
Gloucester, MA  01930

Graham Brock, Inc.
100 Sylvan Drive, Ste 260
St. Simmons Island, GA  31522 USA

Greif & Litwak, PC
77 North Washington St
Boston, MA  02114-1993

Handy House, Inc.
P.O. Box 9131
Foxboro, MA 02035-91  USA

Harris Corporation
PO Box 96776
Chicago, IL  60693

Hi-Tech Reps, Inc.
Box 3488
Fayville, MA  01745-0488

Ian Barrett Agency, Inc.
16 Hodder Lane
Framingham, MA  01701

International Demographics Inc.
P.O. Box 203047
Houston, TX  77216-3047

James S Smith
10 Morse Rd.
Sherborn, MA  01770

Jonathan Pond
Jonathan Pond
Financial Planning Information
9 Galen St. Ste 250
Watertown, MA  02472

K-COM
P.O. BOX 82
Randolph, OH  44265

Kaleel Sakakeeny
168 Beech Street
Boston, MA 02131

Katz Radio
12019 Collections Center Drive
Chicago,, IL  60693-0120

Kaye Scholer LLP
The McPherson Building
901 Fifteenth St, N.W.
Washington, DC  20005-2327

Kemper Sales Company
P.O. Box 710158
North Quincy, MA  02171

Kennedy Carpet sales
221 Libbey Parkway
Weymouth, MA  02189

Kenneth Hendrick
17708 46th Ct. N.
Loxahatchee, FL  33470

Killeen Electrical Service
PO Box 797
Everett, MA  02149

Mike Sinnet
LT's Inc.
37 Danforth St.
Portland, ME  04101

La Semana
903 Albany St.
Boston, MA  02119

Lindsy Parker
Lindsy Parker
36 Heritage Dr.
North Easton, MA  02356-2215

Lori Geishecker
Primerica Financial Services
505 Shawinut Ave. #4
Boston, MA  02118

Grady Moates
Loud & Clean
290 Oak St.
Randolph, MA  02368-3862

P. Cleworth
Loudeye Corp.
Dept CH 17164
Palatine, IL  60055-7164

MCI
PO Box 600607
Jacksonville, FL  32260-0670

MCI
PO Box 856059
Louisville, KY  40285-6059

Makeup by Tricia
14B Nicholson Hill
Marblehead, MA  01945

Mary Gillespie
Mary Helen Gillespie
59 Prince Circle
Marshfield, MA  02050

Master Printers
100 Main Street
Suite 250
Reading, MA 01867

Miller, Kaplan, Arase & Co. LLP
4123 Lankershim Boulevard
North Hollywood, CA  91602

Mittcom
c/o Bruce Mittman
14 Longmeadow Rd.
Newton, MA  02459

Mittcom Consulting
12 Mercer Rd.
Natick, MA  01760

Monster
P.O. Box 13645
Newark, NJ  07188-0645

Morrison & Abraham, Inc.
P.O. Box 117
Mansfield, MA  02048-0117

NSTAR
PO Box 4508
Woburn, MA  01888-4508

NSTAR
PO Box 4508
Woburn, MA  01888-4508

NSTAR
PO Box 4508
Woburn, MA  01888-4508

NSTAR
P. O. Box 4508
Woburn, MA  01888

CJ
Nationwide Audio
P.O. Box 354625
Palm Coast, FL  32135-4625

Network Music, Inc.
15150 Avenue of Science
San Diego, CA  92128

New England Trade
926 Eastern Avenue
Malden, MA  02148 USA

Organization By Design, Inc.
P.O. Box 920885
Needham, MA  02492-0009

Print Promotional Services
328 Commercial Street
Boston, MA  02109

Pro Digital Inc.
700 B Parkway Blvd.
Broomall, PA  19008

Quinn Printing Company Inc.
165 Needham Street
Newton, MA  02464

R.L. Sharpe, Ltd.
6 Morgan Lane
Locust Valley, NY  11560

Radio Music License Committee
P.O. Box 34655
Newark, NJ  07189-4655

Rebecca's Cafe
P.O. Box 845681
Boston, MA  02284-5681

Regan Communications
106 Union Wharf
Boston, MA  02109

Robert J. Glovsky
One Financial Center
Boston, MA  02111

Robert Powell
70 Fuller Ave.
Swampscott, MA  01907

Robert Powell
70 Fuller Avenue
Swampscott, MA  01907 USA

Rony Pierrot
5 Sachem Street #7
Boston, MA 02128

S.R. Dodge, Inc.
12 Spencer Street
Stoneham, MA  02180

SESAC
PO Box 440236
Nashville, TN  37244-0236

SR Media
101 Southwourk Street
London, UK SE1 0JF

Seaport Graphics
12 Channel Street, Suite 802
Boston, MA  02210

SecondLife Exhibits, Inc.
82 Sanderson Avenue
Suite 102
Lynn, MA 01902

Sir Speedy Printing #8146
77 No Washington Street
Boston, MA  02114

Souper Salad
Corporate Office
63 Chapel St
Newton, MA  02458

Sprint
PO Box 600607
Jacksonville, FL  32260-0670

Stephen J. Bailey

Steve Weisman
20 Sherry Circle
Amherst, MA  01002

Talamas Company Inc.
145 California Street
Newton, MA  02458

The Boston Globe
P.O. Box 4074
Woburn, MA  01888-4074

The Boston Globe
PO Box 2378
Boston, MA  02107-2378

The Irwin Pollack Co.
297 Weston Road
Sales Management Center
Wellesley, MA 02482

Thomas P. Glynn
145 Pinckney St.
#222
Boston, MA  02114

Mary Heller Halcomb
Tower Sites Ltd.
PO Box 814850
Dallas, TX  75381

TrueAdvantage
30 Lyman Street
Westboro, MA  01581

Verizon
P.O. BOX 1100
Albany, NY  12250-0001

Verizon
PO Box 1
Worcester, MA  01654-0001

Verizon
PO Box 1
Worcester, MA  01654-0001

Verizon
185 Franklin Street
Boston, MA 02110

Verizon
PO Box 1
Worcester, MA  01654-0001

James Robinson
VideoLink
50 Hunt Street
Watertown, MA  02472-4625

W.W. Grainger, Inc
P.O. Box 419267
Dept 088 - 850841487
Kansas City, MO  64141-6267

WEZE WROL
308 Victory
North Quincy, MA  02171

Lisa Cassidy
WKOX
99 Revere Beach Parkway
Medford, MA  02155

Wellington News
P.O. Box 15727
Boston, MA  02215

Pat Polite
William Morris Agency, Inc.
1325 Avenue of the Americas
New York, NY  10019

Women's Business - Boston
One Pond Park Road
Hingham, MA  02043

Christine Baratta
830 Westford St.
Lowell, MA 01851

Gerald Charm
91 Grove St.
Chestnut Hill, MA 02467

Chance Clutter
32 Parker Street
Charlestown, MA 02129

Bernice Corpuz
15 Morrison Ave.
Somerville, MA 02144

Scott Couper
234 Kendrick Street
Needham, MA 02494

Robert Floyd
10 Water Street
Marlboro, MA 01752

James Harris
32 Barker Road
Malden, MA 02148

Christopher A. Kelley
60 South Gate
Dedham, MA 02026

Jonathan Marable
37 Juniper Lane
Framingham, MA 01701

Steve McGrory
9 Fieldstone Drive
Medfield, MA 02052

Mark Mills
990 Centre Street
#4
Jamaica Plain, MA 02130

Robert B. Robertson
7 Water Street
Townsend, MA 01469

Kim Roz
59 Beacon St.
#1
Boston, MA 02108

Howard Simpson
60 Westland St.
#6
Brockton, MA 02301

Souper Salad
Corporate Office
140 Heimes Road
Suite 400
San Antonio, TX 78232

SecondLife Exhibits, Inc.
82 Sanderson Avenue
Suite 102
Lynn, MA 01902

Rony Pierrot
5 Sachem Street #7
Boston, MA 02128

Anna Pereira
130 Bowdoin Street, #904
Boston, MA 02108

Boston Marriott Newton
2345 Commonwealth Avenue
Newton, MA 02446

Charles J. Stein
50 Watertown Street
Apt. 502
Watertown, MA 02458

SR Media
101 Southwourk Street
London, UK SE1 0JF