UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> BRADFORD C. BLEIDT and : <br> ALLOCATION PLUS ASSET MANAGEMENT : <br> COMPANY, INC. : <br> : <br> Defendants. : | Case No. CA-04-12415-NG |

## ORDER FOR APPOINTMENT OF ANCILLARY RECEIVER

Having considered the motion by plaintiff Securities and Exchange Commission ("Commission") for appointment of an ancillary receiver and defendants Bradford C. Bleidt ("Bleidt") and Allocation Plus Asset Management Company, Inc. ("Allocation" and collectively, "Defendants") having had an opportunity to be heard, and finding there is good cause for the motion,

**IT IS HEREBY ORDERED** that:

1. The Commission's motion for appointment of an ancillary receiver is allowed and David J. Fine, Three Center Plaza, Suite 400, Boston, Massachusetts 02108 is appointed as Ancillary Receiver in matters related to claims or potential claims against banks, including but not limited to Sovereign Bank and Bank of America, in accordance with the following provisions of this Order.

2. The Ancillary Receiver is hereby authorized, empowered and directed to:

   a. institute, prosecute, defend, compromise, adjust, intervene in, or become

party to such legal or equitable actions, claims or proceedings or anticipated legal or equitable actions, claims or proceedings on behalf of Bleidt, Allocation, Financial Perspectives Planning Services, Inc., Financial Perspectives Management Company, FP Insurance Agency, Perspectives Broadcasting, Inc., and Shared Visions, Inc., as the Ancillary Receiver deems necessary and appropriate to carry out the Ancillary Receiver's mandate pursuant to this Order;

b.  defend, compromise or settle such legal or equitable actions, claims or proceedings or anticipated legal or equitable actions, claims or proceedings on behalf of Bleidt, Allocation, Financial Perspectives Planning Services, Inc., Financial Perspectives Management Company, FP Insurance Agency, Perspective Broadcasting, Inc., and Shared Visions, Inc., as the Ancillary Receiver deems necessary and appropriate to carry out the Ancillary Receiver's mandate pursuant to this Order;

c.  assist the victims of Bleidt's fraud to institute, prosecute, compromise or settle such claims as they may have against banks in their individual capacities, provided that the victims specifically authorize the Ancillary Receiver to do so; and

d.  engage and employ persons in his discretion and in consultation with the Boston District Office of the Commission to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, attorneys, paralegals, investigators and expert consultants and witnesses.

3. All persons, including creditors, banks, investors or others, having actual notice of this Order are enjoined, for the duration of the receivership, from prosecuting or maintaining actions or proceedings which involve the Ancillary Receiver or which affect the property of Bleidt, Allocation, Financial Perspectives Planning Services, Inc., Financial Perspectives Management Company, FP Insurance Agency, Perspective Broadcasting, Inc., and Shared Visions, Inc., except with the permission of this Court.

4. Defendants and the officers, agents, servants, employees and attorneys-in-fact of Defendants shall cooperate with and assist the Ancillary Receiver.

5. The Ancillary Receiver is not required to post a bond or give an undertaking of any type in connection with his duties and obligations pursuant to this Order.

6. The Ancillary Receiver shall have the authority to issue subpoenas to compel testimony of persons or production of records consistent with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Massachusetts, concerning any subject matter related to the discharge of the Ancillary Receiver's duties.

7. The Ancillary Receiver is required to exercise good faith business judgment in fulfilling his duties and responsibilities pursuant to this Order. The Ancillary Receiver is entitled to rely on all outstanding rules of law and court orders, and shall not be liable to anyone for his own good faith compliance with any order, rule, law, judgment, or decree. The Ancillary Receiver shall not be liable for complying with the orders of this Court. In no event shall he be liable to Bleidt, Allocation, Financial Perspectives Planning Services, Inc., Financial Perspectives Management Company, FP Insurance Agency, Perspective Broadcasting, Inc., or Shared Visions,

Inc. for his good faith compliance with the terms and provisions of this Order, nor shall he be liable to anyone for any action taken or omitted by him except upon a finding by this Court that he acted or failed to act as a result of misfeasance, bad faith, gross negligence, or in reckless disregard of his duties.

8.  The Ancillary Receiver shall be reimbursed for all costs reasonably and actually incurred by him, and shall be compensated for services rendered by him and by other attorneys, paralegals and legal assistants working with him, as follows:

   a.  The Ancillary Receiver shall be paid from: (i) the assets of Bleidt, Allocation, Financial Perspectives Planning Services, Inc., Financial Perspectives Management Company, FP Insurance Agency, Perspective Broadcasting, Inc., and Shared Visions, Inc.; (ii) that portion, if any, of any recovery Bleidt's victims may be entitled to receive from the settlement with the broker-dealers that the victims specifically authorize to be available for payment to the Ancillary Receiver; and (iii) any amounts that the Ancillary Receiver is instrumental in recovering from banks for the receivership estate or for Bleidt's victims in the victims' individual capacities.

   b.  The Ancillary Receiver shall be compensated for services rendered by him or other senior lawyers at an hourly rate not to exceed $275, for services rendered by junior lawyers at an hourly rate not to exceed $180, and for services rendered by paralegals and legal assistants at an hourly rate not to exceed $80. In addition to hourly fees, in the event that the Ancillary

    Receiver is instrumental in recovering for the receivership estate or for Bleidt's victims in their individual capacities any monies in connection with claims and potential claims against the banks, the Ancillary Receiver shall receive ten percent of any amount up to the first $5 million recovered and five percent of any amount above $5 million recovered; provided, however, that before the payment of any such fees: (i) the Ancillary Receiver must provide all fee applications (detailing all time and expenses claimed and the nature of the services performed) to counsel for the Commission for review and approval as to reasonableness ten days prior to submission for Court approval; and (ii) the Ancillary Receiver must obtain approval of payment of the fees and expenses from this Court, which shall review such fees and expenses for reasonableness in determining whether, in its discretion, such payment will be approved.

  c. The Ancillary Receiver may apply for the award of interim fees as frequently as every ninety (90) days, at approximately the same time as he files the respective Report described in paragraph 10 below.

9. The Ancillary Receiver may be removed at any time by the Court and replaced with a successor. In the event the Ancillary Receiver decides to resign, he shall first give written notice to the parties and the Court of his intention, and his resignation shall not be effective until the Court has appointed a successor.

10. Every ninety (90) days from the date of this Order, the Ancillary Receiver shall file a Report with the Court summarizing his activities and reporting on the status of any legal

claims. The Ancillary Receiver shall serve a copy of the Report on counsel for the Commission.

11. Within forty-five (45) days of the completion of his duties pursuant to this Order, the Ancillary Receiver shall file a Notice of Termination and Request for Discharge Order seeking discharge by the Court from his responsibilities as Ancillary Receiver herein. The Notice of Termination and Request for Discharge Order shall include a final report, summarizing all of the Ancillary Receiver's activities, providing a final accounting of the funds, assets and property in his possession, and reporting on the final disposition of any legal claims.

12. The provisions of this Order shall remain in full force and effect until further order of the Court.

**DONE AND ORDERED** this 22nd day of March, 2006.

/s/ NANCY GERTNER
UNITED STATES DISTRICT JUDGE