UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE COMMISSION, )
)
        Plaintiff, )
)
v. ) Case No. CA-04-12415-NG
)
BRADFORD C. BLEIDT and )
ALLOCATION PLUS ASSET MANAGEMENT )
COMPANY, INC. )
)
        Defendants. )
)

ANCILLARY RECEIVER'S SECOND INTERIM REPORT

To comply with paragraph 10 of the Court's March 22, 2006 Order for Appointment, David J. Fine, the Court-appointed Ancillary Receiver, hereby submits his second Interim Report.

    1.    The Ancillary Receiver's activities since June 14, 2006, the date of his First Interim Report, have consisted of:

        a.    continuing his pursuit of account opening documentation, and seeking explanations from Bank of America and Sovereign Bank for their non-production of documentation which, it would appear, they should be able to produce;

        b.    continuing his factual investigation and legal research;

        c.    preparing and serving M.G.L. c. 93A demand letters on Bank of America on September 14, 2006 and on Sovereign Bank on September 19, 2006;

    d.  preparing and filing: a Complaint against Sovereign Bank on August 17, 2006 to commence Civil Action No. 06-11450-NG; a memorandum opposing Sovereign Bank's motion to dismiss class action claims on November 16, 2006; and an Amended Complaint against Bank of America in Civil Action No. 05-12315-NG on October 26, 2006; and

    e.  communicating with the victims of Brad Bleidt and attorneys for such victims.

    A.  Continuing Pursuit of Account Opening Documentation

  2. The Ancillary Receiver's pressing Sovereign Bank and Bank of America proved to be successful in getting each bank to produce, in the weeks following June 14, 2006 (the date of the Ancillary Receiver's First Interim Report), important documents regarding APAM's and Bleidt's bank accounts that the banks had not produced in response to the SEC's November 2004 subpoenas. However, even after such supplementary production, there were still important documents that the banks were unable to produce, and each bank flatly refused the Ancillary Receiver's demands that each bank provide the best explanation it could of the bank's inability to produce account documents it appeared the bank should surely be able to produce. In the Ancillary Receiver's view, the banks' refusals to provide such explanations were entirely wrongful, and were indeed one of the acts the Ancillary Receiver demanded the banks remedy in the M.G.L. c. 93A letters the Ancillary Receiver sent the banks in September 2006 (see section C below).

B. Continuing Factual Investigation and Legal Research

3. During the period covered by this Report (June 15, 2006 to November 17, 2006), the factual investigation and legal research Ancillary Receiver Fine and those working with him had begun in the period covered by the Ancillary Receiver's previous Report (November 15, 2005 to June 14, 2006) yielded important results and perspectives. These results and perspectives are reflected in the 93A demand letters the Ancillary Receiver sent to the banks in September 2006, in the Complaint the Ancillary Receiver filed against Sovereign Bank in August 2006, and in the Amended Complaint the Ancillary Receiver filed against Bank of America on October 26, 2006.

C. Sending M.G.L. c. 93A Demand Letters

4. On September 14, 2006, the Ancillary Receiver and three investor-client victims, asserting claims individually and on behalf of the class of similarly situated persons and entities, sent an 18-page single-spaced 93A demand letter to Bank of America. Bank of America sent a written response to this demand letter on October 13, 2006. The demand letter, and Bank of America's response, are reproduced respectively as Exhibits 4 and 5 to the Amended Complaint the Ancillary Receiver filed against Bank of America in Civil Action No. 05-12315-NG on October 26, 2006.

5. On September 19, 2006, the Ancillary Receiver and four investor-client victims, asserting claims individually and on behalf of the class of similarly situated persons and entities, sent an 8-page single-spaced 93A demand letter, incorporating the facts alleged in the Ancillary Receiver's August 17, 2006 Complaint in Civil Action No.

06-11450-NG, to Sovereign Bank. Sovereign Bank sent a written response to this demand letter on October 19, 2006.

      D.    Filing Complaint Against Sovereign Bank, Memorandum Opposing Sovereign Bank's Motion to Dismiss, and Amended Complaint Against Bank of America

6.    On August 17, 2006, the Ancillary Receiver and four investor-client victims, suing individually and on behalf of the class of similarly situated persons and entities, filed a Complaint against Sovereign Bank, commencing Civil Action No. 06-11450-NG. On November 2, 2006, Sovereign Bank, in lieu of answering this Complaint, filed a Motion to Dismiss [the] Class Action Claims in the Complaint on the ground that "there is [allegedly] no attorney representing the putative class, and pro se litigants can [allegedly] only represent their own interests, not a class." Motion to Dismiss, p.1. The Ancillary Receiver filed a memorandum opposing Sovereign's Motion on November 16, 2006.

7.    On October 26, 2006, the Ancillary Receiver and three investor-client victims, suing individually and on behalf of the class of similarly situated persons and entities, filed an Amended Complaint against Bank of America in Civil Action No. 05-12315-NG. On November 1, 2006, the Ancillary Receiver and Bank of America filed a Stipulation extending Bank of America's time to respond to this Amended Complaint to and including December 1, 2006.

  E. Communicating with Bleidt Victims

8. Since submitting his first Interim Report on June 14, 2006, the Ancillary Receiver has continued to have numerous communications with Bleidt victims and with attorneys representing Bleidt victims. The purposes of these communications have included: (a) keeping Bleidt victims continually apprised of the Ancillary Receiver's progress in pursuing the claims against Sovereign Bank and Bank of America; (b) soliciting information to support pursuit of such claims; (c) identifying appropriate victims to serve as class representatives, and having such communications with these victims and their attorneys (where the victims had their own attorneys) as the Ancillary Receiver, and the victims and their attorneys, deemed helpful and appropriate; and (d) responding to questions and requests for information.

Dated: November 17, 2006

            Respectfully submitted,

            _/s/ David J. Fine_
            David J. Fine, BBO No. 165120
            Law Offices of David J. Fine
            Three Center Plaza, Suite 400
            Boston, MA 02108-2003
            (617) 720-2942

            Ancillary Receiver