UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
SECURITIES AND EXCHANGE COMMISSION, )
                                    )
            Plaintiff,              )
                                    )
                                    )
      v.                            )   Case No. 04-12415-NG
                                    )
BRADFORD C. BLEIDT and              )
ALLOCATION PLUS ASSET MANAGEMENT    )
COMPANY, INC.,                      )
                                    )
            Defendants.             )
_____ )

## ANCILLARY RECEIVER'S THIRD INTERIM REPORT

To comply with paragraph 10 of the Court's March 22, 2006 Order for Appointment, David J. Fine, the Court-appointed Ancillary Receiver, hereby submits his Third Interim Report.

1. The Ancillary Receiver's activities since November 17, 2006, the date of his Second Interim Report, have consisted of: (a) pursuing his lawsuit against Sovereign Bank, Civil Action No. 06-11450-NG; (b) pursuing his lawsuit against Bank of America, Civil Action No. 05-12315-NG; and (c) communicating with the victims of Brad Bleidt and their attorneys.

    A. <u>Pursuit of Suit Against Sovereign Bank</u>

2. Following Sovereign Bank's November 22, 2006 filing of its Reply Memorandum in support of its Motion to Dismiss Class Action Claims, and following attorney Melanie L. Oxhorn's November 16, 2006 admission to the District of Massachusetts Bar and the November 27, 2006 filing of her Notice of Appearance as

counsel for the investor-client plaintiffs, the Ancillary Receiver and attorney Oxhorn negotiated with Sovereign's counsel to reach a resolution regarding Sovereign's pending Motion to Dismiss. Pursuant to this resolution, reflected in a Stipulation and Joint Request for Scheduling Conference filed on December 4, 2006, Sovereign agreed that its Motion to Dismiss Class Action Claims had become moot; plaintiffs withdrew their request that the Court direct the entry of Sovereign's default; the parties agreed on a schedule for the serving of plaintiffs' Amended Complaint and of Sovereign's Answer thereto; and the parties jointly requested that the Court hold a Scheduling Conference at the earliest convenient time.

3. On December 7, 2006, plaintiffs filed their Amended Complaint, which, among other changes, added Counts asserting claims under M.G.L. c.93A, the Massachusetts Unfair Business Practices Statute, to the Counts asserted in plaintiffs original Complaint. On December 21, 2006, Sovereign filed its Answer to plaintiffs' Amended Complaint.

4. On January 31, 2007, the Court sent out a Notice setting February 21, 2007 as the date for the Initial Scheduling Conference under Fed.R.Civ.P. 16(b) and Local Rule 16.1.

5. On February 14, 2007, plaintiffs filed a Motion for Expedited Treatment and Special Judicial Oversight bringing to the Court's attention data regarding the dates of birth of the Bleidt victims, data showing that many of the victims are over the age of 70, and that most of the victims are over the age of 55.

6. On February 14, 2007, in preparation for the Scheduling Conference, the parties submitted their Joint Statement Pursuant to Local Rule 16.1. The Scheduling

Conference was held, as scheduled, on February 21, 2007. During this Conference, the parties presented to the Court, and the Court questioned the parties about, their respective positions on how the case should be scheduled. The Court indicated how it proposed to resolve various scheduling and other matters, and asked the parties to submit a proposed Order embodying the Court's views. The parties filed such a proposed Order on February 28, 2007, and, on March 2, 2007, the Court issued its Scheduling Order.

7. Among other things, the Court's March 2, 2007 Scheduling Order sets: September 4, 2007 as the deadline for completion of fact discovery on the issues of Sovereign's liability and class certification; November 26, 2007 as the deadline for completion of expert discovery on the issue of liability; December 10, 2007 as the deadline for filing dispositive motions on the issue of liability; and January 7, 2008 as the start of trial on the issue of liability. The Scheduling Order also sets September 6, 2007 as the date for a status conference with the Court.

8. In accordance with the Scheduling Order, on March 14, 2007, plaintiffs and Sovereign each served on the other their respective Initial Disclosures pursuant to Fed.R.Civ.P. 26(a)(1).

B. Pursuit of Suit Against Bank of America

9. On December 1, 2006, Bank of America filed a Motion to Dismiss [Plaintiffs'] Amended Complaint and, on December 4, 2006, filed a Memorandum in support of this Motion.

10. On December 5, 2006, Bank of America filed a Motion for Recusal of the Honorable Nancy Gertner. On December 11, 2006, Judge Gertner issued a Memorandum and Order denying this Motion for Recusal.

11. On December 29, 2006, plaintiffs filed a Memorandum in Opposition to Bank of America's Motion to Dismiss. On January 11, 2007, Bank of America filed a Reply Memorandum in support of its Motion to Dismiss. On January 25, 2007, plaintiffs filed a Sur-Reply Memorandum in Opposition to Bank of America's Motion to Dismiss.

12. As of the date of this Status Report, the parties are awaiting the Court's scheduling of a hearing on Bank of America's Motion to Dismiss.

### C. Communicating with Bleidt Victims

13. The Ancillary Receiver has continued to have numerous communications with Bleidt victims and with attorneys representing Bleidt victims. The purposes of these communications have included: (a) keeping Bleidt victims apprised of the Ancillary Receiver's progress in pursuing the claims against Sovereign Bank and Bank of America; (b) obtaining information to support pursuit of such claims; and (c) responding to questions and requests for information.

Dated: April 11, 2007

Respectfully submitted,

*/s/ David J. Fine*
David J. Fine, BBO No.165120
Law Offices of David J. Fine
Three Center Plaza, Suite 400
Boston, MA 02108-2003
(617) 720-2942

Ancillary Receiver